[No. 3,319.]

## Ex Parte DELANEY.

ORDINANCE AGAINST PROFANE SWEARING.—When the charter of a municipal corporation authorizes the municipal legislative body to enact ordinances, to prohibit practices which are against good morals, or contrary to public decency, and such body determine as a fact that a particular practice, such as the uttering of profane language, is against good morals, and prohibit it by ordinance, the decision of such body on this question is final, and the Court will not review it.

IDEM.—A municipal legislative body, if empowered by law to prohibit or

suppress practices against good morals or public decency, may, by ordinance, punish the uttering of profane language, whether uttered frequently or only once by the same person.

OFFENSE AT COMMON LAW.—At common law profane swearing was not indictable, except when repeated so often and so publicly as to become an annoyance to the public, and thus a public nuisance.

APPLICATION for a writ of habeas corpus.

The facts are stated in the opinion.

*Samuel H. Henry*, for Petitioner.

*Attorney General Love*, for the People.

Bishop says "public profane swearing is indictable." (1 Bishop on Criminal Law, 2d ed., Sec. 378; id. 4th ed., Sec. 946.) Yet, on consultation of the authorities cited by him, we find that the use of profane language in public is not alone sufficient.

Single acts of profane swearing are not indictable. (*The State* v. *Jones*, 9 Iredell, 38; *The State* v. *Kirby*, 1 Murphy, 254; *The State* v. *Ellar*, 1 Devereux, 267; *The State* v. *Baldwin*, 1 Dev. & Battles, 195.)

By the Court, BELCHER, J.:

The petitioner was convicted in the Police Judge's Court of the City and County of San Francisco of the violation of an ordinance of the city which prohibits the utterance of profane language, words, or epithets in the hearing of two or more persons, and sentenced to pay a fine of forty dollars, and in default of payment thereof to be imprisoned in the County Jail for the period of twenty days. Having been imprisoned in pursuance of the judgment, he has sued out this writ, and alleges that his imprisonment is unlawful for the reason: First, that the Board of Supervisors was not authorized by the Legislature to pass any ordinance upon the subject; second, that profane swearing was a misde-

meanor at common law, and it was not competent for the Board of Supervisors, under any authority claimed to have been given it, to reduce or in any manner change the penalty which the statute has declared upon a conviction of a common law misdemeanor.

1. The third subdivision of section one of the Act under which the ordinance was passed (Stats. 1863, p. 540,) is as follows: "Third. To prohibit and suppress, or exclude from certain limits, all houses of ill-fame, prostitution, and gaming; to prohibit, and suppress, or exclude from certain limits, or regulate all occupations, houses, places, pastimes, amusements, exhibitions, and practices which are against good morals, contrary to public order and decency, or dangerous to the public safety."

The Board having acted under the statute and determined that the uttering of profane language, words, or epithets in the hearing of two or more persons is a "practice" which is against good morals, or contrary to public order and decency, we must accept its decision upon the question as final. (*Ex Parte Smith* and *Keating*, 38 Cal. 709.)

But it is claimed that the ordinance is unauthorized because it punishes a single utterance of profane words, while the word "practices," as used in the statute, necessarily implies an act often repeated by the same person. If this were so an ordinance which should punish the discharge of firearms in a crowded street of the city, or the indecent exposure of one's person, would be nugatory, unless each individual complained of was found to have frequently repeated the same offense.

It is quite evident, we think, that the Legislature intended to authorize the Board to prohibit all such acts and words as might be deemed hurtful to the good order and well-being of society, whether such acts should be performed or words uttered frequently or only once by the same person.

2. It is declared by statute that "every act or offense not

defined by statute which is a misdemeanor at common law is a misdemeanor in this State.'' (Stats. 1866, p. 468.) And it is claimed that the offense of which the petitioner was convicted was a misdemeanor at common law.

It is not always easy to tell precisely what was and what was not a misdemeanor at common law. There is no doubt, however, that blasphemy was an offense punishable at common law (4 Black Com. p. 59), and so it has been said was public profane swearing. (1 Bishop Crim. Law, Sec. 946.) '' Blasphemy is any oral or written reproach maliciously cast upon God, His name, attributes, or religion.'' '' It embraces the idea of detraction when used towards the Supreme Being; as ' calumny ' usually carries the same idea when applied to an individual.'' (2 Bishop Cr. Law, Sec. 88.) Profane swearing seems only to have been indictable when the words uttered were repeated so often and so publicly as to become an annoyance to the public and thus a public nuisance.

The words charged to have been uttered by the petitioner, and for uttering which he was convicted, were not blasphemous within the definition given, nor within any definition which we have seen, nor do they appear to have been uttered under such circumstances as to constitute a case of public profane swearing. This disposes of the whole case before us.

The application is denied and the petitioner remanded.