[No. 3,122.]

## L. L. BATCHELDER v. JOHN K. MOORE.

CONTEMPT OF COURT—POWER TO PUNISH.—The power of a Court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances, and in the manner prescribed by law.

JURISDICTION IN CASES OF CONTEMPT.—It is essential to the validity of proceedings in contempt, subjecting a party to fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support.

CONTEMPT NOT COMMITTED IN PRESENCE OF THE COURT.—When the alleged contempt is not committed in the presence of the Court an affidavit of the facts constituting the contempt must be presented, in order to set the power of the Court in motion. If the affidavit be defective in stating the facts, it is equivalent to the utter absence of an affidavit.

CONTEMPT UNDER THE ACT OF 1862.—Under the Act of 1862, for the punishment of contempts and trespasses, it is essential that the person accused be one who has been ejected or dispossessed, as provided in the Act.

CERTIORARI to the County Court of the City and County of San Francisco.

Upon an original application to the Supreme Court a writ of certiorari was granted, upon which the record of the proceedings of the County Court of the City and County of San Francisco in this case was brought up for review.

The other facts are stated in the opinion of the Court.

*Joseph M. Kinley,* for Petitioner.

By the Court, WALLACE, J.:

Upon certiorari to the County Court of the City and County of San Francisco.

Batchelder having recovered judgment against Moore only, in an action of forcible entry and detainer, instituted in the County Court, the latter was removed from the possession of the premises under a writ issuing upon that judgment. ·

Subsequently Batchelder filed an affidavit in the County Court, in which, after reciting the fact of his recovery against Moore, he alleged that Moore was ejected under the writ, and the affiant placed in possession; that thereafter one Clark intruded into the premises, and took possession thereof; that, on the same day that Clark entered, one Hickey brought an action in the District Court of the Twelfth District against Clark, to recover the premises from the latter, and that, by consent, a judgment in favor of Hickey and against Clark was immediately rendered, and on the next day Clark was removed, and Hickey placed in possession, under a *habere facias* issued upon that judgment; that the possession taken by Clark, and the action brought against him by Hickey, were induced and procured by Moore and one David Calderwood, the petitioner here.

The affidavit of Batchelder further alleged, that "Calderwood never had any right to, or claim to, or possession of, said lots of land, or any part thereof;" that at the time of the trial of the action of *Batchelder* v. *Moore*, "Calderwood pretended to be in possession of said lots of land, or to have some right thereto under said Moore, or as the principal of said Moore, and not otherwise;" and that the entry of Moore in the first instance was as an agent of Calderwood as well as in his own right, and that the possession taken by Clark, and the action brought against the latter by Hickey, were really procured by Moore and Calderwood, to evade and defeat the judgment and writ in the case of *Batchelder* v. *Moore*, and, therefore, amounted to contempt of the process of the County Court.

Upon presentation of this affidavit the County Court directed Moore and Calderwood to show cause before it why they should not be punished for contempt in the premises. The parties appeared, and upon hearing the proceeding was dismissed as to Moore, but Calderwood was adjudged guilty of the contempt alleged against him, in the willful violation of the writ of restitution issued in the case of *Batchelder* v. *Moore*, through the instrumentality of the possession taken by Clark, and the recovery against the latter by Hickey; and for his contempt in that behalf it was adjudged that he be imprisoned in the common jail of the City and County of San Francisco for the space of five days, and pay a fine of five hundred dollars, and that he be imprisoned until the fine be paid, etc.

The power of a Court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances and in the manner prescribed by law. It is essential to the validity of proceedings in contempt, subjecting a party to fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by

which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support.

The statute of this State, regulating contempts and their punishments, provides, that when the alleged contempt is not committed in the presence of the Court an affidavit of the facts constituting the contempt shall be presented. (Prac. Act, Sec. 481.) If there be no affidavit presented there is nothing to set the power of the Court in motion, and if the affidavit, as presented, be one, which, upon its face, fails to state the substantive facts, which in point of law do, or might, constitute a contempt on the part of the accused, the same result must follow—for there is no distinction in such a case between the utter absence of an affidavit and the presentation of one which is defective in substance, in stating the facts constituting the alleged contempt.

In the case here the proceeding is based wholly upon the statute of 1862 (p. 115), "An Act for the punishment of contempts and trespasses." That statute provides that " every person who shall have been, or shall be hereafter, _dispossessed_ or _ejected_ from " premises under the judgment of a Court, and who shall himself reënter, or procure some one else to reënter, etc., shall be deemed guilty of a contempt, etc. It is essential that the person accused should be one who has been _ejected_ or _dispossessed_, as provided in the Act; and unless he be such person the Act has no application whatever, and he cannot be guilty of the contempt therein denounced. In the affidavit of Batchelder there is a total omission to allege that Calderwood was _such a person_, and the omission is obviously jurisdictional in its consequences.

I am, therefore, of opinion that the order of the County Court is void for want of jurisdiction to enter it.

The order is reversed.