[No. 2152.   Decided June 17, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Isaac Olson et al., Respondants,* v. W. B. ALLEN, *Appellant.*

CONTEMPT — APPEAL — SUFFICIENCY OF AFFIDAVIT CHARGING CONTEMPT.

An order adjudging a person guilty of contempt of court is appealable, under Code Proc., § 791.

The violation of an order of the court to produce certain books belonging to a bank for which a receiver had been appointed, is not subject to punishment for contempt, although committed by the president of the bank, where the affidavit used as a basis for the contempt proceedings fails to show that it was within the power of the party prosecuted to comply with the order.

The fact that proof subsequently introduced upon the trial tends to show that one charged with contempt of court had books in his possession which he was ordered to produce, but that he violated the order, is immaterial when such fact is not sufficiently shown by the affidavit used as a basis for the proceeding.

Appeal from Superior Court, Pierce County.—Hon. W. H. Pritchard, Judge.   Reversed.

*Richard Saxe Jones*, and *Crowley, Sullivan & Grosscup*, for appellant.

*B. W. Coiner*, and *Bogle & Richardson*, for respondents.

The opinion of the court was delivered by

Scott, J.—This was an appeal from a judgment and sentence finding the appellant guilty of a contempt of court.   The respondent moves to dismiss on the ground that such a judgment is not appealable.   But as the right of appeal seems to be expressly given by § 791, Code Proc., the motion is denied.

The first point raised by the appellant is that the court erred in not granting his motion to vacate the proceedings on the ground of the insufficiency of the affidavit.   The alleged offence consisted in the violation of an order of the court to produce certain books belonging to the Tacoma Trust and Savings Bank, for which a receiver had been appointed, and the affidavit failed to show that appellant had the books in his possession or under his control.   He was not a party to the original action.   It is not contended by respondent that the affidavit does contain any such allegation, even in substance, and their only reliance seems to be upon the fact that appellant was the president of said bank.   It cannot be assumed from that, however, that he had possession of the books in question.   The contempt was not one committed in the presence of the court, and the position of appellant is well supported by the authorities that an affidavit used as a basis for the institution of such proceedings must show that it was within the power of the party prosecuted to com-

ply with the order of the court, and in this instance it was necessary that the affidavit should state facts sufficient to show *prima facie* at least, that the appellant had the books in question under his control, so that it was within his power to produce them in obedience to the order. The fact that proof was subsequently introduced upon the trial tending to show that he did have possession of the books is immaterial, for it was necessary that there should have been a sufficient affidavit in order to give the court authority to proceed with the hearing.

Reversed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J., concurs in the result.