[No. 1698.]

MARTIN LUTZ, PETITIONER, v. THE DISTRICT·COURT
OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF NEVADA, IN AND FOR ORMSBY
COUNTY, AND M. A. MURPHY, JUDGE OF SAID
COURT, RESPONDENTS.

1. DIVORCE—ALIMONY—SUIT MONEY—ORDERS—CONTEMPT—FINDINGS—COM-
MITMENT. A finding on an application for alimony, etc., that defendant
had property, real and personal, and for more than thirty years last
past had been in the main employed and had earned a monthly com-
petence more than sufficient to support himself and family, and was
then so employed, did not constitute a finding that defendant had
present ability to comply with an order requiring him to pay alimony
and suit money, and was therefore insufficient to sustain an order
committing him to jail until he made the payments required.

2. SAME—AFFIDAVIT. Where an affidavit for an order committing defendant
for contempt for failure to comply with an order requiring payment
of alimony and suit money in a divorce case failed to allege petitioner's
ability to make the payments required of him or facts from which
such ability might be properly inferred, it was fatally defective.

ORIGINAL PROCEEDING. *Certiorari* by Martin Lutz to review
an order made by Hon. M. A. Murphy, District Judge of the
First Judicial District of the State of Nevada, Ormsby County,
committing petitioner to jail until he complied with an order
requiring him to make certain payments of alimony and suit
money to his wife for the prosecution of a divorce case.
**Commitment annulled.**

The facts sufficiently appear in the opinion.

*William Woodburn*, for Petitioner.

*Samuel Platt*, for Respondent.

By the Court, FITZGERALD, C. J.:

This is a proceeding in *certiorari*. Petitioner herein was
defendant in a divorce suit in the court below. Said court
made an order that he pay for the benefit of his wife, the
plaintiff in the said divorce suit, the sum of $150 for attorney's
fees, $100 for costs of suit, and $35 a month alimony *pendente
lite*. Petitioner, failing to make said payments, was cited by
the court to appear and show cause why he should not be
punished for contempt of court. He appeared and as cause

and excuse for his failure to make the payments set up his inability to make the same. On the hearing of the application for alimony, etc., the court after examination had made the following finding of fact: "That defendant has property, real and personal, and for more than thirty years last past has been in the main employed, and has earned a monthly competence more than sufficient to support himself and family, and is now so employed." No other finding of fact was ever made, except the finding that the petitioner did not comply with the order for payments. Subsequently the court, presumably on said finding, made an order that the petitioner be committed to the county jail until he made said payments.

This finding is fatally defective. It is inadequate to sustain the order committing him to jail. First—It does not find as a fact that the petitioner was able to comply with the the order of the court to make the payments required of him. Second—It does not find the facts from which such ability could be reasonably inferred. It finds that the petitioner "had property," and that he had been employed for many years. Both of said facts may have been true, and yet the petitioner may have been totally unable to comply with the order of the court to make the payments required of him. He may have had property, but totally insufficient for the demands made upon him; and he may have been employed as stated, and yet all the money coming from such employment may have been spent, and, moreover, legitimately and properly spent. It should be stated that the affidavit on which the contempt proceeding was started did not allege the petitioner's ability to make the payments required of him, or such facts that such ability might be properly inferred therefrom.

The affidavit showed no more than did the finding, and the affidavit itself is jurisdictional. See the following: Comp. Laws, 3564; *Adams* v. *Haskell*, 6 Cal. 316, 65 Am. Dec. 517; *Ex parte Spencer*, 83 Cal. 460, 23 Pac. 395, 17 Am. St. Rep. 266; *Galland* v. *Galland*, 44 Cal. 478, 13 Am. Rep. 167; *Ex parte Cottrell*, 59 Cal. 421; *Ex parte Gordan*, 95 Cal. 377, 30 Pac. 561; *Ex parte Robertson*, 27 Tex. App. 628, 11 S. W. 669, 11 Am. St. Rep. 207; *State ex rel. Olson* v. *Allen*,

14 Wash. 684, 45 Pac. 644; *Phillips* v. *Welch*, 12 Nev. 164; *Batchelder* v. *Moore*, 42 Cal. 414; 9 Cyc. 38; *Toring* v. *Cannon*, 2 Utah, 594.

The order of the court committing petitioner to jail was without its jurisdiction, and is therefore void.

Ordered that petitioner be released from imprisonment forthwith.