[No. 1797]

THOMAS H. CLINE, RELATOR, *v.* FRANK P. LANGAN, AS JUDGE OF THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF NEVADA, IN AND FOR ESMERALDA COUNTY, AND J. C. SCOTT AND W. M. ZIMMERMAN, COPARTNERS DOING BUSINESS AS SCOTT & ZIMMERMAN, RESPONDENTS.

1. REFERENCE—POWERS OF REFEREE—TERMINATION—REHEARING.

Referees appointed in an action involving a leasehold to try all issues and report, after trial and reporting in favor of defendant, had no further authority, and could not make a subsequent order suspending all proceedings pending a motion for new trial about to be filed by plaintiffs.

2. CONTEMPT—DISOBEDIENCE OF VOID ORDER—STAY OF PROCEEDINGS.

An order by referees staying proceedings, being beyond the power of the referees to make after their report was filed, the court could not punish for contempt for violation thereof.

3. CONTEMPT—STAY OF PROCEEDINGS PENDING MOTION FOR NEW TRIAL.

In an action relating to a leasehold and rents, an order by referees staying proceedings pending a motion for a new trial, if regularly made, would not be valid against a second action by defendant for rents accruing after the commencement of the first action, and the court could not punish defendant for contempt for bringing such action.

4. PROHIBITION—NATURE OF ORDER PROHIBITED—PUNISHMENT FOR CONTEMPT.

Proceedings for contempt being *quasi* criminal, the petition or affidavit must show contempt before the court has jurisdiction to punish, and, where the court attempts to punish for violation of a void order by referees, prohibition will issue, and the party is not required to review by appeal.

ORIGINAL PROCEEDING. Application by Thomas H. Cline for a writ of prohibition to restrain Frank P. Langan, District Judge, and others, from attempting or proceeding further to punish relator for contempt. **Writ granted.**

STATEMENT OF FACTS

The essential facts are undisputed: Respondents, Scott & Zimmerman, brought an action against relator and one S. H. Harris, and another suit against the petitioner alone, which related to a leasehold interest and rents. The actions were consolidated, pursuant to a stipulation of the parties. On June 27, 1908, the court appointed three referees to try "any and all issues in said causes, whether of law or of fact, and to report findings, conclusions of law, and judgment and decree

thereon, as fully and to all intents and purposes as the court
might or could do, if said reference were not made." After
trial, and on August 8, 1908, the referees returned and entered
in the consolidated actions findings of fact and conclusions of
law and judgment favorable to Cline, defendant therein and
relator here. Thereafter two of the referees made an order
dated the 14th, and filed the 17th day of August, which
recited that whereas an application had been made for a stay
of proceedings and granted on condition that plaintiffs furnish
an undertaking in the sum of $1,000, and the undertaking
had been filed and approved, "It is therefore ordered that all
proceedings in the above consolidated actions be suspended,
and the same are hereby stayed and suspended pending a
motion for a new trial about to be filed by plaintiffs herein."

On the 12th day of September, 1908, relator, as plaintiff,
commenced an action in the district court against Scott &
Zimmerman for rents accruing after the commencement of
the actions against him and after the appointment of the
referees, and alleged to have accrued after the termination
of the lease which was in dispute, and had an attachment
issued and garnishment notices served. On the 16th day
of September the court denied the application of Scott &
Zimmerman to dissolve the attachment and to dismiss the
action of Cline against them, upon the ground that the mat-
ter was not properly before the court upon the motion made,
but ordered that the defendant "obey and respect in all
respects, according to the true intent and meaning of the
same," the said order made by the referees. Upon an affi-
davit of W. M. Zimmerman, filed on the 17th day of Sep-
tember, the court cited relator to appear on the 21st day of
September to show cause "why he should not be punished
for contempt as in said affidavit alleged."

The matter came on for hearing at that time, and later the
court, after reciting the fact of the entry of the judgment of
the referees, and that their order staying the proceedings in
the consolidated actions of Scott & Zimmerman had been
served upon relator, the citing of the latter to show cause why
he should not be punished for contempt, and that after cita-
tion he had proceeded to have the sheriff serve the writ of

attachment, "ordered that said Thomas H. Cline be, and he is hereby, adjudged guilty of contempt in disobeying wilfully the orders of this court as aforesaid, he having the power to obey said orders, and it is adjudged that said Thomas H. Cline dismiss the action of *Thomas H. Cline* v. *Scott & Zimmerman*, commenced in this court on the 12th day of September, 1908, and upon his refusal to do so that he be committed to the custody of the sheriff of Esmeralda County until he complies with the order of this court. This order to take effect on the 15th day of October, 1908, at the hour of 10 o'clock a. m. thereof."

*August Tilden*, for Relator.

*D. S. Truman*, for Respondents:

I.  The writ of prohibition will not lie in this case. (21 Nev. 47, and authorities cited; 6 L. R. A. 430; 36 Pac. 626; 5 Wyo. 34; 10 L. R. A. 159.) The facts constituting the contempt will be taken as true, by the appellate court. (*Holman* v. *State*, 105 Ind. 513.) The original order will not be inquired into. (4 Paige, 405.) The demurrer should be sustained. (24 Pac. 121; 10 L. R. A. 627; 64 Cal. 345; 203 Mo. 175.)

II.  This a clear case of contempt. (*Hamill* v. *Bank*, 21 Colo. 175; *State* v. *Johnson*, 13 Fla. 33; *State* v. *Lambertville*, 46 N. J. Law, 39; *Palchin* v. *Brooklyn*, 13 Wend. 664; *McLaughlin* v. *Janney*, 2 Grat. 609.) The imprisonment ordered here is within the power of the court and its jurisdiction. (9 Cyc. 53, and authorities cited.)

III.  The very question before the court was as to whom the rent was to be paid. This was determined by the judgment. This judgment was stayed by the order. The action of Cline is to obtain judgment for the rent. In order to collect rent the relator had to recognize the relation of landlord and tenant, no matter what amount the rent might be. (21 Nev. 65.) Such being the case, it cannot be contended that the right to the rent was not directly involved in and by the judgment which had been superseded by the stay order.

IV.  No application was made to the lower court to rem-

edy the evils complained of, but the pleadings here show that relator never in any manner questioned the validity of the stay order. (*Ex Parte Little Rock*, 26 Ark. 52; 52 Cal. 517; 59 Cal. 476.)

By the Court, TALBOT, J. (after stating the facts as above):

The order directing that all proceedings in the consolidated cases against relator be stayed pending the motion for a new trial, made by the referees after they had heard the causes, entered their findings of fact and conclusions of law and judgment, and thereby completed their duties, was neither authorized by the statute nor purported to be authorized by the stipulation and order under which they were appointed. This order being void, the subsequent orders of the court attempting to enforce it and to punish the relator for failure to comply with it were likewise void and beyond the jurisdiction of the court.   If it had been within the powers of the referees to make the stay order, or if the court had made one in the same terms, it only purported to stay the proceedings, more impliedly those relating to execution, in the actions which had been brought against the relator, and contained no language prohibiting him from commencing suit against Scott & Zimmerman.   Nor do we see how they, by bringing actions against him, or the court in those actions, could have made any valid order which would have prevented him from exercising his right to start suit and have an attachment levied to secure the amount which he claimed to be due him for rent accruing after the cases had been brought against him, and after the lease had expired, and which cause of action or claim naturally could not have been directly within the issues in those cases nor protected by any stay bond in them.

The findings and judgment were in his favor for the leased interest and for the rent within the issues of the suits against him.   Surely, this ought not to prevent him from seeking to secure by attachment the rent running later, and, if he asked for any that was within the issues of the former cases, Scott & Zimmerman could have pleaded that the former judgment was *res adjudicata.*

It is provided in the civil practice act:

"Sec. 184 (Comp. Laws, 3279). A reference may be ordered upon the agreement of the parties filed with the clerk, or entered in the minutes: First—To try any or all of the issues in an action or proceeding whether of fact or law, and to report a judgment thereon. Second—To ascertain a fact necessary to enable the court to proceed and determine the case."

"Sec. 189 (Comp. Laws, 3284). The referees shall make their report within ten days after the testimony before them is closed. Their report upon the whole issue shall stand as the decision of the court, and upon filing the report with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court. The decision of the referees may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts, the report shall have the effect of a special verdict."

Brewer, J., now one of the justices of the United States Supreme Court, writing the opinion in *Arn* v. *Coleman*, 11 Kan. 461, said: " 'A referee is born of an order; without it he is not.' And when he has performed the duty imposed by that order he is *functus officio*, and his acts are no more than the acts of a private individual. Up to the time his report is made and filed he can modify and change it; he can alter and amend it. But when once it has been filed and become a record of the court, his power over it is at an end, and his relation to the case has ceased."

The language used is approved in *Robinson* v. *Nelson*, 4 Idaho, 571, 43 Pac. 64.

In *Pratt* v. *Stiles*, 17 How. Prac. (N. Y.) 221, it was said: "The whole action and all the issues therein were referred to the referee for trial. He tried the cause upon the issues presented, and determined that the plaintiff was entitled to redeem, and ascertained and declared the amount he should pay to perfect such redemption, and decided that the plaintiff should recover the costs of the suit, and made and signed and delivered his report, directing final judgment. This terminated the jurisdiction and powers of the referee."

In *Railway Co.* v. *Bradley*, 7 Ind. 53: "The power of the arbitrator or referee expires with the return of the award or report into court. * * * (*French* v. *Moseley*, 1 Litt. Ky. 246; *Lansdale* v. *Kendall*, 4 Dana, Ky. 613; *Aldrich* v. *Jessiman*, 8 N. H. 516.)"

*Conklin* v. *Morton*, 40 Ind. 77: "When a referee has made his report, his powers and functions are as much ended as those of arbitrators when they have made their award, or of a jury when they have ended their verdict and been discharged."

*Coope* v. *Bowles*, 42 Barb. (N. Y.) 95: "The powers of the referee to hear and decide are terminated when he has made his report, with the exception that he can settle his form of the case and the findings of fact and conclusions of law."

*Daverkosen* v. *Kelley*, 43 Cal. 478: "Prior to the last order the referee had taken the testimony and reported a judgment. The powers conferred by the stipulation were then exhausted." (*Headley* v. *Reed*, 2 Cal. 325.)

It is claimed that the orders made by the district court were within its jurisdiction, and that, if any errors were committed, they can only be reviewed by appeal. Such is the rule generally; but proceedings to punish for contempt are *quasi* criminal in their nature, and the petition or affidavit on which they are based must state facts showing contempt before the court has any jurisdiction to punish. (*Lutz* v. *District Court*, 29 Nev. 153, citing *Adams* v. *Haskell*, 6 Cal. 316, 65 Am. Dec. 517; *Ex Parte Spencer*, 83 Cal. 460, 23 Pac. 395, 17 Am. St. Rep. 266; *Galland* v. *Galland*, 44 Cal. 478, 13 Am. Rep. 167; *Ex Parte Cottrell*, 59 Cal. 421; *Ex Parte Gordan*, 95 Cal. 377, 30 Pac. 561; *Ex Parte Robertson*, 27 Tex. App. 628, 11 S. W. 669, 11 Am. St. Rep. 207; *State ex rel Olson* v. *Allen*, 14 Wash. 684, 45 Pac. 644; *Phillips* v. *Welch*, 12 Nev. 164; *Batchelder* v. *Moore*, 42 Cal. 414; 9 Cyc. 38; *Young* v. *Cannon*, 2 Utah, 560, 594.)

In *Phillips* v. *Welch*, 12 Nev. 164, Chief Justice Hawley, quoting with approval from a case in California under a statute identical with ours, said: " 'The powers of the court to punish for an alleged contempt of its authority, although undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances and in the

manner prescribed by law. It is essential to the validity of proceedings in contempt, subjecting a party to a fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support. The statute of this state regulating contempts and their punishments provides that when the alleged contempt is not committed in the presence of the court an affidavit of the facts constituting the contempt shall be presented. * * * If there be no affidavit presented, there is nothing to set the power of the court in motion; and if the affidavit as presented be one which upon its face fails to state the substantive facts which in point of law do, or might, constitute a contempt on the part of the accused, the same result must follow, for there is no distinction in such a case between the utter absence of an affidavit and the presentation of one which is defective in substance in stating the facts constituting the alleged contempt. (*Batchelder v. Moore*, 42 Cal. 414.)'" (Comp. Laws, 3556.)

It is ordered that a writ issue as prayed for prohibiting the district court from attempting or proceeding further to punish relator for contempt under the orders set out in the petition.