[No. 19428.   Department One.   April 14, 1926.]

EDITH E. BICE, *Respondent,* v. DELMAR F. BICE, *Appellant.*[1]

[1] DIVORCE (85)—CONTEMPT (18)—PRELIMINARY AFFIDAVIT — SUF-
FICIENCY.  In contempt proceedings for failure to pay alimony,
it is sufficient to allege that defendant had notice of the order
for the payment of the alimony, and failed and refused, without
good cause, to pay the same.

[2] TRIAL (154)—FINDINGS—SUFFICIENCY.  A full memorandum de-
cision of the court constitutes sufficient findings of fact, where
it covers the different phases of the case, with the court's views
as to the law and its determination as to what facts were shown
by the evidence.

[3] DIVORCE (89)—ALIMONY — ENFORCEMENT — JUDGMENT.  In con-
tempt proceedings for failure to pay alimony, which the court
found the defendant had the present ability to pay, the judgment
may require the payments in monthly installments.

[4] DIVORCE (88-1)—ALIMONY—ENFORCEMENT — EVIDENCE.  In con-
tempt proceedings to require the payment of alimony, the court
is not bound to take the uncontradicted testimony of the de-
fendant as to his financial ability to pay, where its truth is called
in question by discrepancies, the failure of his books to show
his income, the circumstances as to his claimed indebtedness
to his present wife and her failure to testify and other suspicious
circumstances.

Appeal from an order of the superior court for
Yakima county, Nichoson, J., entered February 14,
1925, adjudging defendant in contempt for failure to
pay alimony.  Affirmed.

*Rigg & Venables* and *Nat. U. Brown,* for appellant.
*Richards, Gilbert & Fontaine (Ralph B. Williamson,*
of counsel), for respondent.

ASKREN, J.—On the 13th day of October, 1921, an
interlocutory decree of divorce was entered between

[1]Reported in 244 Pac. 1000.

the plaintiff and defendant. In conformity with an agreement they entered into settling their property rights, the decree provided for the payment of $10,000 to the plaintiff, the times of payment being specified, and running from the date of the entry of the decree until April 10, 1928. The order also provided for alimony payments of $100 per month to the plaintiff, and $50 per month for each of two minor children of the parties. In December, 1924, a show-cause order was issued requiring the defendant to show cause why he should not be punished for contempt of court for failure to comply with the provisions of the decree requiring the payment of alimony and support money for the two minor children. The affidavit showed that, during the year 1924, but six payments of $200 each had been made, and that six payments were in arrears, making a total due of $1,200.

Upon the trial of the action, the court adjudged the defendant guilty of contempt, and ordered that the $1,200 then in arrears be paid $100 per month during the next succeeding twelve months. The defendant has appealed.

[1] The first question raised on the appeal is that the court was without jurisdiction to hear the case, because the affidavit, upon which the order to show cause was based, did not allege the present ability of defendant to pay. The allegation in this connection, after setting forth the essential matters contained in the original order, alleged:

"That said defendant had notice of the entry of said order; that the same was entered and that he has failed, refused and neglected, without good cause therefor, to pay any of the said sums fixed by the court in this cause, except as follows: . . ."

The rule is well settled that the jurisdictional affidavit, in contempt proceedings such as these, need not

in a divorce proceeding allege the present ability to pay. It is stated in 13 C. J. 66, as follows: .

"Although there is some authority to the contrary, it has been generally held that the ability to comply, of one charged with contempt for disobedience of an order, need not be alleged in the initiatory affidavit or complaint; but service of the order should be alleged."

*State ex rel. Cook v. Cook,* 66 Ohio St. 566, 64 N. E. 567; *Ex parte Von Gerzabek,* 63 Cal. App. 657, 219 Pac. 479.

· Appellant has cited *State ex rel. Olson v. Allen,* 14 Wash. 684, 45 Pac. 644, as authority in this connection. In that case, we held that an affidavit was insufficient to give the court jurisdiction because it failed to show that the appellant had in his possession certain books. A brief reference to the case will show that the appellant was not a party to the original action, and that there was no substantial ground to assume that he had possession of the books in question. It was held necessary that the affidavit should state facts sufficient to make a *prima facie* showing that he had the books in question under his control before he could be punished for a failure to produce them. This is not in conflict with our present holding.

Nor is the case of *State ex rel. Stillwell v. Stillwell,* 80 Ore. 610, 157 Pac. 970, in point. That case is authority for the holding that an affidavit, in order to be sufficient to give the court jurisdiction in contempt proceedings, must show that the party alleged to be in contempt for failure to comply with the court's order, had been served, or had actual knowledge of its contents. The affidavit here in question alleges notice of the entry of the order.

[2] The next contention is that the court erred in failing to make findings of fact. In *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961, we held that find-

ings of fact must be made in contempt proceedings in order to protect the rights of the defendant. The court did not make findings of fact by number as is the usual custom, but did file a five page memorandum opinion covering the different phases of the case, with its views as to the law, and its determination as to what facts were shown by the evidence, and we think it sufficient under the authority of *First National Bank of Enumclaw v. Pasco*, 131 Wash. 28, 228 Pac. 838, and *Kinne v. Kinne*, 137 Wash. 284, 242 Pac. 388.

[3] It is next urged that the court went beyond its power in entering a judgment that the appellant was in contempt for failure to pay the $1,200 then in arrears, and that, in case of his failure to pay the sum of $100 each month to apply on such arrears until the total amount of $1,200 was paid in full, he should stand committed to the county jail of Yakima county for contempt of court. Appellant insists that the making of such an order indicates that the court found that he did not have the present ability to pay; that, since his present inability to pay is a sufficient answer to the contempt proceeding, the court could not order this payment to be made in the future, and provide that in default thereof he should stand committed to jail. But a reading of the court's memorandum opinion shows that the court found a present ability to pay. The court having so found, it would have the right to order the whole amount to be paid *instanter*. Appellant cannot object, then, that instead of being required to pay the $1,200 immediately he was given twelve months in which to pay it.

[4] The last error urged upon appeal is that the evidence was insufficient to justify the court in finding that the defendant had the ability to pay. The argument upon which this contention is based finds support mainly in the fact that most of the evidence in the case

was that given by appellant himself. It had to do with his financial condition. It is urged that this testimony was binding upon the court, and should be followed. Ordinarily, the testimony of witnesses uncontradicted should be followed by the court, but where there is testimony which in its nature appears to be untrue, or where facts are adduced upon cross-examination that tend to show the untruth of these statements, the trial court is not bound to accept them as true. The testimony of appellant indicated that he was in debt some $12,000; that $5,500 of this was money still due the respondent; that $1,800 of it is past due; that the balance of his indebtedness is represented by $1,368.36 due the First National Bank of Yakima; $1,335.58 to a friend; $1,400 due a brother-in-law; $2,800 due his present wife; that he owns nothing excepting his office furniture and instruments, and a Cadillac automobile, which was two years old at the time of the trial. He testified that the Cadillac automobile was mortgaged to his present wife for $3,000 to secure the indebtedness due her; that he carries approximately $50,000 insurance, the greater portion of which has no cash or loan value, and that he had borrowed upon the balance of it all that he could; that he is unable to raise any more money; that his expenses for maintaining the family composed of his present wife, a minor child and himself is less than $175 per month.

The trial court, however, did not see fit to accept all of this testimony as true. The discrepancy between the deposits made in the bank and the amounts shown upon his books; the insufficient character of his books to establish clearly his income; the question of whether appellant's present wife actually advanced the sums to him that he claimed; the circumstances under which the money he claims she gave him was supposed to

have been kept, and the fact that she refused to testify in the case; the claimed loan of $1,000 from Barr, in currency, with his deposit slips failing to show that that amount of money had ever been deposited to his account; the giving of the chattel mortgage to appellant's present wife upon the Cadillac automobile for $3,000 in the face of the testimony of appellant that he was under no legal obligation to do so; the refusal of the court to accept as true the purported loan by appellant's brother-in-law, and its failure to believe that the books of appellant showed his true income during the period in question; all these were matters for the court to take into consideration in determining whether the appellant was in position to pay the amounts then in arrears.

From a careful review of the whole evidence, we are unable to conclude that the evidence preponderates against the findings of the trial court. Its order is therefore affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.