LEON H. STEEVES, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, HONORABLE B. F. CURLER, Judge Thereof, and MARCELLA STEEVES, Respondents.

No. 3284

October 24, 1939.                    94 P. (2d) 1093.

*McCarran, Rice & Bible,* for Petitioner:

*James T. Boyd,* for Respondents:

### O P.I N I O N

By the Court, TABER, C. J.:

On the 3d day of August 1937 in Dept. 2 of the Second judicial district court, Washoe County, applicant's wife, Marcella Steeves, was awarded a decree of divorce against him, said decree including the following provision: "That the defendant pay to the plaintiff the sum of Twenty-five ($25.00) Dollars per month for the support and maintenance of said minor child, Patricia Helen Steeves, said payments to commence on the 1st day of September, 1937, and to be paid upon the first day of each and every month thereafter, until the further order of this Court."

On the 12th day of January 1938 said Marcella Steeves applied to the trial court for an order directing applicant (sometimes hereinafter referred to as defendant

and as petitioner) to show cause why he should not be punished for contempt, and in support of said application presented her affidavit, of which a copy of said decree was made a part, setting forth "that the defendant is an able-bodied man, and is capable of earning sufficient to pay for the support of said minor child; that since the entry of the Decree aforesaid, the defendant has failed, neglected, and refused to pay the plaintiff any of the money directed to be paid in said Decree, except the sum of Twenty-three Dollars ($23.00) ; that there is now due, owing, and unpaid on said Decree from the Defendant to the Plaintiff the sum of One Hundred Two Dollars ($102.00)."

Pursuant to said application and affidavit, an order was issued on said 12th day of January 1938 directing petitioner to appear at four o'clock p. m., January 19, 1938, and show cause why he should not be punished as' for contempt for his refusal and misconduct in failing to obey said decree. Said show cause order was personally served on petitioner in Washoe County on said 12th day of January 1938. He failed to appear or show cause as directed by said order, and on January 20, 1938, a writ was issued out of said district court directing the sheriff to attach petitioner. Pursuant to said writ petitioner was taken into custody on the 4th day of June 1939 and three days later a hearing was had, at the conclusion of which petitioner was ordered confined in the county jail for thirty days for violation of said show cause order.

June 10, 1939, petitioner applied to this court for a writ of certiorari, and the return to the writ was heard on July 7, 1939.

Petitioner contends that the show cause order of January 12, 1938, was wholly void and in excess of the district court's jurisdiction, because: (1) The affidavit upon which it was based failed to allege as a fact that petitioner was able to comply with the decree requiring him to make payments, nor did said affidavit allege facts from which such ability could be reasonably

inferred; (2) as respondent court had no jurisdiction. to issue the show cause order, it was also without jurisdiction to issue the attachment, adjudge petitioner to be in contempt, or punish him as for contempt; (3) the thirty-day sentence imposed on petitioner was for a longer period than allowed by law, which limits imprisonment in this type of case to twenty-five days.

Petitioner places much reliance upon the case of Lutz v. District Court, 29 Nev. 152, 86 P. 445. In that case the husband was cited for contempt by reason of his alleged failure in making payments of attorney's fees, costs of suit and alimony pendente lite. He appeared, and in defense set up his inability to make the payments. On the hearing, and after examination, the court made the following finding of fact: "That defendant has property, real and personal, and for more than 30 years last past has been in the main employed, and has earned a monthly competence more than sufficient to support himself and family, and is now so employed." The court having further found that the order for said payments had not been complied with, adjudged the husband guilty of contempt and ordered that he be committed to jail. The supreme court, holding that this order was without jurisdiction and void, and ordering that the husband be released from imprisonment, said:

"This finding is fatally defective. It is inadequate to sustain the order committing him to jail. First. It does not find as a fact that the petitioner was able to comply with the order of the court to make the payments required of him. Second. It does not find the facts from which such ability could be reasonably inferred. It finds that the petitioner 'had property,' and that he had been employed for many years. Both of said facts may have been true, and yet the petitioner may have been totally unable to comply with the order of the court to make the payments required of him. He may have had property, but totally insufficient for the demands made upon him; and he may have been employed as stated, and yet all the money coming from

such employment may have been spent, and moreover, legitimately and properly spent. It should be stated that the affidavit on which the contempt proceeding was started did not allege the petitioner's ability to make the payments required of him, or such facts that such ability might be properly inferred therefrom.

"The affidavit showed no more than did the finding, and the affidavit itself is jurisdictional. See the following: Comp. Laws 1900, sec. 3564; Adams v. Haskell, 6 Cal. 316, 65 Am. Dec. 517; Ex Parte Spencer, 83 Cal. 460, 23 P. 395, 17 Am. St. Rep. 266; Galland v. Galland, 44 Cal. [475] 478, 13 Am. Rep. 167; Ex Parte Cottrell, 59 Cal. [420] 421; Ex Parte Gordan, 95 Cal. 377, 30 P. 561; Ex Parte Robertson, 27 Tex. App. 628, 11 S. W. 669, 11 Am. St. Rep. 207; State ex rel. Olson v. Allen, 14 Wash. 684, 45 P. 644; Phillips v. Welch, 12 Nev. [158] 164; Batchelder v. Moore, 42 Cal. [412] 414; 9 Cyc. 38; Young v. Cannon, 2 Utah [560] 594."

If we follow the Lutz case, we must hold that the affidavit in the instant case is fatally defective, and that the order to show cause is likewise void. Cline v. Langan, 31 Nev. 239, 101 P. 553.

■ We are satisfied that the Lutz case, insofar as it holds that in a case of this kind the affidavit must show defendant's ability to pay, is unsound, and in that respect it is hereby expressly overruled. State ex rel. Cook v. Cook, 66 Ohio St. 566, 64 N. E. 567, 58 L. R. A. 625; State ex rel. Grover v. Grover, 158 Or. 635, 77 P. (2d) 430; State ex rel. Murphy v. Second Judicial Dist. Court, 99 Mont. 209, 41 P. (2d) 1113; Bice v. Bice, 138 Wash. 598, 244 P. 1000; In re McCarty, 154 Cal. 534, 98 P. 540; Ex Parte Von Gerzabek, 63 Cal. App. 657, 219 P. 479; Armijo v. Armijo, 29 N. M. 15, 217 P. 623; In re Rasmussen, 56 Cal. App. 368, 205 P. 72; 13 C. J. 66, n. 98; 17 Am. Jur. 510, nn. 1, 2.

In our opinion the correct rule is well stated in State ex rel. Cook v. Cook, supra [66 Ohio St. 566, 64 N. E. 568, 58 L. R. A. 625]: "Was the complaint sufficient in law? The specific objection is that it does not allege

that it was then in the power of the defendant to perform the act; that is, pay the money. We are of opinion that the objection is not good. The order of the trial court fixing the amount of the alimony to be paid was an imperative order. It was made, presumably, after due inquiry into the defendant's financial condition, and was fixed at an amount which the court found was reasonable, and that the defendant would be able to pay. It being shown, therefore, that the defendant had not obeyed the order of the court, a prima facie case, at least, had been made that he was in contempt, provided the failure to satisfy a final decree for alimony could be made the basis of a proceeding in contempt. It followed that the burden was upon the defendant to show that it was not in his power to obey the order, and, if this be so, then it would also follow that the complainant was not required to allege such want of ability in the complaint. Nor is this an unreasonable requirement. The defendant's financial condition and ability to pay were peculiarly within his own knowledge. They could not be known with the same certainty to the complainant, nor could she easily produce evidence to maintain the proposition were the burden of proof placed upon her. Hurd v. Hurd, 63 Minn. 443, 65 N. W. 728; Andrew v. Andrew, 62 Vt. 495, 20 A. 817; Holtham v. Holtham, 6 Misc. 266, 26 N. Y. S. 762."

In State ex rel. Murphy v. Second Judicial Dist. Court, supra, the supreme court of Montana said [99 Mont. 209, 41 P.(2d) 1115]: "* * * the affidavit was sufficient to charge contempt, for it shows the decree for alimony, default in payment, and the amount due the plaintiff, and it was not necessary that the affiant show the defendant's ability to pay, nonability being a defense by which the defendant may purge himself of the apparent contempt. In re McCarty, 154 Cal. 534, 98 P. 540."

In Bice v. Bice, supra, the supreme court of Washington stated the rule in the following language [138 Wash. 598, 244 P. 1001]: "The rule is well settled that the jurisdictional affidavit, in contempt proceedings

such as these, need not in a divorce proceeding allege the present ability to pay."

Section 8941 N. C. L. 1929 provides that: "The following acts or omissions shall be deemed contempts: * * * 3. Disobedience or resistance to any lawful writ, order, rule, or process issued by the court or judge at chambers." No contention is made in this case that the provision of the divorce decree ordering petitioner to make alimony payments is unlawful or invalid.

It is provided in section 8943 N. C. L. 1929 that when the contempt is not committed in the immediate view and presence of the court or judge at chambers, "an affidavit shall be presented to the court or judge of the facts constituting the contempt * * *." According to the Lutz case, defendant's ability to pay is one of the "facts constituting the contempt" which must be set forth in the affidavit; but we think that defendant's inability to pay is a matter of defense, and that in a case of this kind it should not be necessary, in order to confer jurisdiction, that the affidavit allege defendant's ability to make the alimony payments ordered in the decree. Such will be the rule after the publication of this opinion.

■ This court will not, except for very cogent reasons, overrule one of its own decisions, either in whole or in part; but, as said in Linn v. Minor, 4 Nev. 462, "if a decision be clearly incorrect, and no injurious results will be likely to flow from a reversal, and especially if it be injurious and unjust in its operation, it is, it seems to us, the imperative duty of the court to reverse it." In order to appreciate the unjust and injurious operation of the rule requiring the affidavit, in cases of this kind, to allege defendant's ability to pay, it is only necessary to consider a case where the trial court in granting a decree of divorce to a plaintiff wife incorporates in the decree a provision adjudging that defendant pay plaintiff a certain amount of money each month as permanent alimony; shortly afterwards the defendant departs from the state, for parts unknown;

remaining out of the state for a year—his whereabouts unknown to plaintiff—he then returns to the state, having in the meantime failed to make the alimony payments, and plaintiff learns of his return. If the plaintiff then wishes to have the defendant cited for contempt, must she, on the one hand, file an affidavit including an allegation that defendant had been able to make the payments, thus perjuring herself, or, on the other hand, launch an investigation, resulting in both expense and delay, in an effort to ascertain where defendant had been and whether he had been able to make the alimony payments theretofore decreed by the district court? Before such an investigation could be completed, the defendant may have again departed the state in the hope of avoiding the process of the court. In such a case, it is our opinion that the plaintiff can confer jurisdiction on the trial court in contempt proceedings by filing an affidavit showing the divorce decree and the failure of defendant to make the alimony payments therein adjudged to be made.

■ In his brief, and in oral argument at the hearing, petitioner contended that if the Lutz case should be overruled insofar as it requires the affidavit in contempt proceedings to allege defendant's ability to pay, our overruling decision should not be retrospective in its operation as applied to the instant case. This contention is based upon the idea that as the contempt proceedings are quasi-criminal, it would be unfair and unjust to petitioner to punish him for contempt for failing to appear in response to the order to show cause, because at that time the Lutz case had not been overruled or modified by any later decision of this court. We have carefully considered the article cited by petitioner in the June 1939 issue of the Journal of the American Judicature Society (vol. 23, No. 1, pp. 32–34) entitled "Sensible View of Stare Decisis Gains Ground" and the authorities therein mentioned, as well as others, including: People ex rel. Rice v. Graves, 270 N. Y. 498, 200 N. E. 288; People ex rel. Rice v. Graves, 242 App.

Div. 128, 273 N. Y. S. 582; Continental Supply Co. v. Abell, 95 Mont. 148, 24 P. (2d) 133; Montana Nat. Bank v. Yellowstone County, 276 U. S. 499, 48 S. Ct. 331, 72 L. Ed. 673; Mitchell v. People, 76 Colo. 346, 232 P. 685, 40 A. L. R. 566; State v. Longino, 109 Miss. 125, 67 So. 902, Ann. Cas. 1916E, 371; People v. Tompkins, 186 N. Y. 413, 79 N. E. 326, 12 L. R. A. (N. S.) 1081; Hill v. Atlantic & N. C. R. Co., 143 N. C. 539, 55 S. E. 854, 9 L. R. A. (N. S.) 606; State v. Bell, 136 N. C. 674, 49 S. E. 163; 14 Am. Jur. 345–347, sec. 130; 15 C. J. 960, 961, sec. 358.

It is to prevent injustice that exceptions have been made to the general rule. The question, therefore, we are now called upon to decide is whether it will work an injustice to petitioner if the general rule be applied in his case. The record discloses that petitioner filed an appearance and waiver in the divorce action. It does not appear that he was represented by an attorney at the trial. The affidavit in the contempt proceedings was filed January 12, 1938, and petitioner was ordered to appear on the 19th day of January 1938 and show cause why he should not be punished for contempt. The show cause order was served on petitioner personally in Washoe County on January 12, 1938. Petitioner not only failed to obey the order to show cause, but, as shown by his own petition, he was absent from the state on the 19th day of January 1938. The attachment was issued January 20, 1938, but petitioner was not taken into custody until more than sixteen months thereafter. It was only after being arrested and taken before the court that petitioner attempted to justify his conduct by citing the Lutz case in his defense. It is possible that petitioner's absence from the state was in all respects bona fide; but we must take the record as it has come before us, and the fact that he departed from the state between the day when he was served with the order to show cause and the day said order required his appearance in court, and the further fact that the sheriff did not execute the attachment until June 4,

1939, indicate, in the absence of any explanation, that his purpose in departing from and remaining without the state was to escape punishment for contempt by placing himself beyond the jurisdiction of the trial court. It is true that petitioner did return to Washoe County, and this is a circumstance in his favor; but taking into consideration all the facts and circumstances as shown by the record, there is little from which we can conclude that he was relying on the decision in the Lutz case when he failed to appear in response to the order to show cause. It is the court's opinion, therefore, that the general rule should apply in this case.

■ Petitioner, after being adjudged guilty of contempt, was ordered confined in the county jail for a period of thirty days. It is conceded that this was five days in excess of the period authorized by the statute. Section 8950 N. C. L. 1929. This, however, does not require a reversal or annulment of the trial court's order.

It is ordered and adjudged that the order of the trial court that petitioner be confined in the county jail of Washoe County, State of Nevada, for the period of thirty days because of his violation of the order to show cause be, and the same is hereby modified, by reducing the term of confinement in said county jail from thirty days to twenty-five days. In all other respects the order, judgment and proceedings of the trial court are affirmed, and petitioner is ordered remanded to the custody of the sheriff of Washoe County.