456

## In the Matter of the Application of ROBERT C. BYINGTON, JR., For a Writ of Habeas Corpus.

No. 4477

November 22, 1961

366 P.2d 518

*John G. Spann,* of Las Vegas, for Petitioner.

*Roger D. Foley,* Attorney General, *John F. Mendoza,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## O P I N I O N

By the Court, McNamee, J.:

This is an original petition for a writ of habeas corpus.

On May 5, 1961, Patricia Byington commenced an

action for divorce against petitioner in Clark County asking custody of the three minor children of the parties. Petitioner at that time was a resident of Ohio. Thereafter and before summons was served upon him he came to Nevada and took possession of Robin Byington, aged 8 years, and Holly Byington, aged 6 years, the two older children, and returned with them to Ohio where he obtained a court order restraining his wife from taking custody of said two older children.

On November 9, 1961, he returned to Nevada and attempted to take Tracy, the youngest child, aged 4 years, and was arrested as a result of this action. On November 10, 1961, he was personally served with summons in the Nevada divorce action and with an order restraining him from removing Tracy from the jurisdiction of the Clark County court. He was at the same time directed to appear before the court on that day for a hearing to determine certain matters relating to the custody of the three minor children during the pendency of the divorce action.

At the hearing on November 10, 1961, the court ordered petitioner to produce Robin and Holly before the court on November 14, 1961 to enable the court to make such disposition of the children during the pendency of the divorce action as would be most advantageous to each child. The court further ordered that petitioner remain in custody of the sheriff of Clark County until a further hearing on November 14.

The record shows that at the hearing on November 14, petitioner had not produced said children in court as directed and that through his counsel he stated his intention not to comply with the order to produce. He does not contend that he was unable to produce them. The court found that the two older children were then concealed by petitioner, adjudged petitioner in contempt of court for his failure and refusal to comply with the order to produce, and ordered him imprisoned in the Clark County jail for 30 days. It is under this November 14 order for imprisonment that petitioner is now restrained of his liberty.

It is petitioner's contention that the Clark County court lacked jurisdiction to order petitioner to produce before it Robin and Holly Byington; that under the decision of Ex parte Gardner, 22 Nev. 280, 39 P. 570, it is not a contempt of court to fail to comply with an order which the court had no jurisdiction to make; and that a party imprisoned for a contempt committed under such circumstances should be discharged upon habeas corpus. This contention is entirely premised upon the assumption that the Clark County court had no jurisdiction to make the November 10 order which was violated.

At the time the divorce action was commenced in Clark County, the district court there had divorce jurisdiction and jurisdiction of the plaintiff and of the three minor children who were then present in that county. It is unnecessary to determine whether it lost jurisdiction of Robin and Holly when they were forcibly removed by petitioner from Nevada, because the court acquired jurisdiction of petitioner on November 10 when he was served with summons issued in the Nevada divorce action.[1] By such service of the summons in Nevada the court likewise acquired jurisdiction to make orders pertaining to Robin and Holly although they were not within the State of Nevada. Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066.

NRS 125.060 authorizes a court in a divorce action to order a child to be produced before it to enable it to make such disposition of the same during the pendency of the suit as appears most advantageous to such child, and it further provides that all such orders "may be enforced and made effectual by attachment, commitment and requiring security for obedience thereto, or by other means, according to the usages of courts, and to the circumstances of the case."

[1] In this connection, respondent maintains that the Clark County court obtained personal jurisdiction of petitioner on June 26, 1961 when a general appearance was made in the divorce action through a motion filed therein by petitioner to quash the complaint. The question of whether a general appearance was then entered is now pending for determination in a separate appeal.

The court having had jurisdiction to make the order to produce, it was empowered to adjudge petitioner guilty of contempt for his willful disobedience of such order. The 30-day period of confinement, however, was 5 days in excess of the period authorized by statute. NRS 22.100. In Steeves v. District Court, 59 Nev. 405, 94 P.2d 1093, it was held that such error would not require an annulment of the trial court's order. Any confinement under said order beyond a period of 25 days would, however, be an unlawful restraint of petitioner's liberty. Such 25-day period has not yet expired and, consequently, petitioner is not entitled to immediate release because his present restraint is not unlawful. Rainsberger v. Leypoldt, 77 Nev. 399, 365 P.2d 489.

In the absence of action by the Clark County district court modifying its order of commitment by reducing the term of confinement from 30 to 25 days any confinement of petitioner after a period of 25 days would be an unlawful restraint and then entitle petitioner to immediate release on habeas corpus.

It is ordered that the writ be denied and these proceedings dismissed.

BADT, C. J., and THOMPSON, J., concur.