HIRNING, Sup't of Banks, Respondent, v. SOGN, Defendant, (Walden, Appellant).

(210 N. W. 988.)

(File Nos. 5752, 5753.  Opinion filed December 6, 1926.)

1. Pleading—Attorney General—Failure of Complaint to Enforce Bank Stockholders' Liability to Allege that Action Was Conducted Under Direction of Attorney General Held Not Reached by General Demurrer (Rev. Code 1919, §§ 8937, 8942).

In suit by superintendent of banks against stockholders to enforce liability under Rev. Code 1919, § 8937, failure of complaint to allege that action was brought under direction and supervision of Attorney General, pursuant to section 8942, is not presented by demurrer on ground that complaint did not state facts sufficient to constitute cause of action.

2. Limitation of Actions—That Complaint to Enforce Bank Stockholders' Liability Was Barred by Limitations Held Not Presented by General Demurrer (Rev. Code 1919, § 8937).

In suit by superintendent of banks against stockholders to enforce liability under Rev. Code 1919, § 8937, that complaint showed that action was instituted more than year after transfer of defendant's stock, and therefore barred by limitations, held not presented by demurrer on ground that complaint did not state facts sufficient to constitute a cause of action.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Pleading, Key-No. 207, 7 C. J. Sec. 114 (Anno.); (2) Limitation of actions, Key-No. 180(3), 37 C. J. Sec. 712.

Appeal from Circuit Court, Clark County; HON. W. N. SKINNER, Judge.

Actions by John Hirning, Superintendent of Banks of the State of South Dakota, in charge of the first State Bank of Vienna, against A. M. Sogn and another and against Ida M. Sogn and another, were consolidated by stipulation for appeal. From orders

overruling demurrers of defendant Mabel Walden in the first case and defendant Ida M. Sogn, in the second case, they appeal. Affirmed.

R. A. Dunham, of Clark, for Appellants.

Loucks, Hasche & Foley, of Watertown, for Respondent.

CAMPBELL, J. The two actions above entitled are consolidated by stipulation for appeal. The amended complaint in each case is by the superintendent of banks of the state of South Dakota, pursuant to section 8937, R. C. 1919, seeking to enforce liability on the part of the defendants as stockholders in the failed First State Bank of Vienna. In each case the appealing defendant demurred to the amended complaint, on the ground that the same did not state facts sufficient to constitute a cause of action as against the demurrant. The demurrers were overruled, and from the orders thereon, defendants Mabel Walden and Ida M. Sogn respectively appeal.

[1] Appellants by their demurrers seek to challenge the sufficiency of the complaints in two particulars: First, that the complaint fails to allege that the action is brought under the direction and supervision of the Attorney General of the state of South Dakota, pursuant to the terms of section 8942, R. C. 1919, which reads as follows:

"Attorney General—Duty. All civil actions and proceedings arising under the provisions of this chapter, to which the state or any of its officers or agents shall be parties, shall be conducted under the direction and supervision of the Attorney General."

[2] Appellant's second contention in each case is that the complaint shows upon its face that the action was instituted more than one year after the date when appellant made a complete transfer of her stock to her codefendant, A. M. Sogn, and that by reason of that fact the complaint exhibits no cause of action against the appellant.

Both contentions have been ruled by this court adversely to appellants by the decision in Hirning v. Forsberg, 49 S. D. 46, 55, 206 N. W. 471, and upon the authority of that case the orders appealed from in the two instant cases are affirmed.