SMITH, Superintendent of Banks, Respondent, v. KEENER, Appellant.

(*212 N. W. 498.*)

(File No. 6144.    Opinion filed March 7, 1927.)

1.  **Courts—Jurisdiction—Circuit Court Had Jurisdiction of Equitable Action to Cancel Transfer of Bills Receivable from Bank to Cashier as Administrator of an Estate.**

    Circuit court had jurisdiction of action of equitable nature, to cancel transfer of promissory notes and warrants made by cashier from bank to himself as administrator of an estate, and paid for by charging same to his checking account as administrator when he knew bank was insolvent.

2.  **Action—Pleading—Parties—Complaint Against Defendant as an Individual and as Administrator of an Estate to Cancel Transfer of Property Did Not Misjoin Causes of Action.**

    Complaint against defendant as an individual and as administrator of an estate, praying that transfer of bills receivable from bank to defendant as administrator of an estate be canceled, held not to misjoin causes of action, since court may render judgment against defendant in both his individual and representative capacities.

3.  **Banks and Banking—Rescission—Complaint by Superintendent of Banks Praying for Cancellation of Transfer of Property from Bank to Cashier, Need Not Allege that Plaintiff Offers to Return Consideration for Transfer.**

    Complaint, praying that transfer of bills receivable from bank to its cashier be canceled and bills receivable restored, was not demurrable because plaintiff did not allege a return or an offer to return consideration received by bank for transfer.

4.  **Banks and Banking—Attorney General—Complaint Failing to Allege that Action by Superintendent of Banks Was Brought by Attorney General Was Not Demurrable (Rev. Code 1919, §§ 5364, 8942).**

    Complaint by superintendent of banks against one who had been cashier of bank, to set aside transfer of bills receivable from bank to defendant, which did not allege that action was brought by or under direction of Attorney General, was not demurrable, since such allegation is no part of statement of cause of action in complaint, in view of Rev. Code 1919, §§ 5364, 8942, relating to Attorney General's duties.

Note.—See, Headnote (1), American Key-Numbered Digest, Courts, Key-No. 472(4), 15 C. J. Sec. 581; (2) Actions, Key-No. 50(4), 1 C. J. Sec. 269, Executors and Administrators, 24 C. J. Sec. 2060; (3) and (4) Banks and banking, Key-No. 63½, 7. C. J. Sec. 507.

Appeal from Circuit Court; Davison County; Hon. Frank B. Smith, Judge.

Action by F. R. Smith, State Superintendent of Banks, in charge of the Citizens' Bank of Letcher for the purpose of liquidation, against C. L. Keener, individually and also as administrator of the estate of John Grossbeck, deceased. From an order overruling defendant's demurrer to the complaint, defendant appeals. Affirmed.

*H. G. Giddings,* of Mitchell, for Appellant.

*Roscoe Satterlee,* of Mitchell, for Respondent.

GATES, J. This cause is before us upon an appeal from an order overruling a demurrer to the complaint.

The complaint alleged that the Citizens' Bank of Letcher was a banking corporation under jurisdiction of the state banking department, in charge of the plaintiff as superintendent of banks for the purpose of liquidation; the taking possession of the bank by the superintendent on April 26, 1924; that at the times complained of and prior to liquidation the defendant, C. L. Keener, was administrator of the estate of one John Grossbeck, deceased, and that said defendant was also assistant cashier of the bank and an active officer thereof; that between March 25, 1924, and April 19, 1924, inclusive, the bank was insolvent; that, as administrator of the John Grossbeck estate, defendant had on deposit in the bank a sum exceeding $1,565.25, and that the bank owned certain promissory notes and warrants described, which the defendant between those dates purchased as administrator, in several items aggregating the above sum, and caused to be transferred to himself, as administrator, and paid therefor by charging the same to his checking account as administrator; that the value of such paper was the amount above specified; that, at the time of such transactions, he, as assistant cashier, knew the bank was insolvent, and as an officer thereof, by purchasing said property, was obtaining a preference over other creditors of the bank; that the acts of the defendant were done without the consent or authority of the directors; that the transactions set forth were null and void.

The relief prayed for was that the transfers be canceled and held void; that the court adjudge the bills receivable in controversy are the property of the bank and the plaintiff entitled to possession thereof; that defendant be ordered to restore and deliver to the

plaintiff the possession of said promissory notes and warrants, together with moneys received by him thereon, and be required to account for any moneys received by him in case delivery cannot be had; and that plaintiff have judgment against the defendant for the sum of $1,565.25, or the reasonable value of said papers, and full general equitable relief.

Upon the merits, the cause is controlled by the decision of this court in Bank of Springfield v. Williams, 48 S. D. 529, 205 N. W. 221, but it is urged that the county court, as a court of probate, has exclusive jurisdiction of this cause of action in so far as it is against defendant as administrator. It is next urged that there is a misjoinder of causes of action, in that one cause is against defendant in his representative capacity and one is against him in his individual capacity.

[1, 2] We think there is no merit in either contention. The action is in its nature equitable, of which the circuit court has jurisdiction, and it will be entirely within the power of the court to render a judgment against the defendant in both his representative and individual capacities.

[3] It is urged that the complaint is demurrable because plaintiff has not alleged a return of, or an offer to return, the consideration received by the bank for the transfer of the paper. We have never understood that the maxim, "He who seeks equity must do equity," was a rule of pleading. When a party invokes the aid of equity, he subjects himself to the imposition of such terms as established equitable principles require (Story, Eq. Jurisp. [14th Ed.] § 72), but it is not always essential that he plead them. There can be no doubt that, if plaintiff recovers, the court will restore defendant to the position of depositor in the bank and as such a claimant against the assets of the bank.

[4] The last point urged is that, because of sections 5364 and 8942, Rev. Code 1919, this action must be brought by or under the direction or supervision of the Attorney General, and that the complaint is demurrable because it does not allege that the action was so brought. Such an allegation is no part of the statement of the cause of action in a complaint. See Hirning v. Sogn, 50 S. D. 553, 210 N. W. 988.

The order appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.