JADWEGA ZABOROWSKI, 270 Rother Avenue, Buffalo, New York, Respondent, v. LUCYA ZABOROWSKI, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Certain findings of fact disapproved and reversed. Memorandum: The judgment sets aside a conveyance of real property. The decision contains a finding merely of the making of " false and fraudulent representations " over a period of three months prior to the date of the conveyance without the slightest intimation of the nature or content of the representations, and also contains findings as to the defendant's knowledge of the falsity of the representations thus wholly undefined and the reliance by plaintiff thereon in making the transfer. Requests by plaintiff as to the nature and content of the representations claimed to have been made by the defendant were not passed upon by the court and are, therefore, deemed to have been refused. (Civ. Prac. Act, § 439.) The findings in the decision are mere conclusions wholly lacking in fact to give them support. We, therefore, discover nothing in the decision upon which the judgment can be based. (*Davin* v. *Isman,* 228 N. Y. 1.) The issue as to the making of representations such as .the plaintiff claimed in his requests (which are deemed denied) was sharply contested. We feel that it would be best for the justice who sees and hears the witnesses to make the findings on this issue. We have, therefore, concluded to order a new trial. All concur. (The judgment is for plaintiff in an action to set aside the conveyance of realty on ground of fraud.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

WILLARD E. BRADSTREET, Appellant, v. DOROTHY BRADSTREET (Now DOROTHY BENJAMIN), Respondent.— Order reversed on the facts, without costs, and motion denied, without costs. Memorandum: The affidavits presented, when considered as a whole, convince this court that the best interests of the infant, Jack Bradstreet, will be served by continuing him in the custody of his father, who lives with the child's grandparents, instead of transferring his custody to his mother, who has remarried. We deem the purpose underlying the decision · of the Special Term that Jack might be brought up in the same family with his younger brother insufficient ground for the order made in view of the determination in that respect which had previously been made by the court when the separation case was heard. No change bearing on the interest of the infant Jack has occurred since the judgment in the separation except the passage of years and the marriage of the defendant. All concur. (The order modifies a decree of separation by awarding the custody of an infant to the defendant.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.