FRANK P. PARASCANDOLO and NELLIE M. PARASCANDOLO, HUSBAND AND WIFE, v. MARY BLANCHE CHRISTENSEN and PIONEER TITLE INSURANCE AND TRUST COMPANY, A CORPORATION, RESPONDENTS.

No. 3534

November 23, 1948.         199 P.2d 629.

*Lewis, Hawkins & Cannon,* of Las Vegas, for Appellants.

*C. D. Breeze,* of Las Vegas, for Respondent Mary Blanche Christensen.

**OPINION**

By the Court, EATHER, C. J.:

This case involves an appeal from a judgment and decree for specific performance of a contract for the purchase of real property in favor of defendants and against the plaintiffs, and from an order denying a motion of the plaintiffs for a new trial.

The plaintiffs and appellants brought an action in the Eighth judicial district court of the State of Nevada, in

and for the county of Clark, against the defendants for the rescission and cancellation of a contract for the purchase of a tract of ground in the city of Las Vegas, from the defendant, Mary Blanche Christensen, and as grounds for rescission and cancellation alleged certain misrepresentations on the part of said defendant, inducing plaintiffs to enter into said contract, and also that she had agreed to include the furniture in the little house on the premises in the sale, and had then removed the furniture before giving possession. The defendant, Pioneer Title Insurance and Trust Company, was merely the escrow holder and did not participate in the litigation at all. It will be referred to in this opinion as "Title Company."

The defendant by answer denied all the allegations of plaintiffs relating to misrepresentation on her part, and that she had agreed to include the furniture in the sale, recited the negotiations leading up to the making of a preliminary contract of sale, and making of the final or escrow contract, attached copies of both contracts to the answer as exhibits, and prayed that plaintiffs take nothing by reason of their complaint, that the court direct the title company to distribute the sum of $2,500 deposited by plaintiffs, issue to plaintiffs a certificate of title insurance, record defendant's deed to plaintiffs and plaintiffs' trust deed securing the payment of the balance of the purchase price in the sum of $2,750 in installments of $40 per month with interest, and deliver to defendant plaintiffs' promissory note for said balance, and that the court direct plaintiffs to pay to defendants all payments which had accrued by virtue of said promissory note and trust deed up to the date of judgment.

The court found that defendant did not influence plaintiffs to enter into the contract of sale by any false or fraudulent misrepresentations regarding her property, and did not make any particular effort to sell her property to the plaintiffs but on the contrary the plaintiffs

were the ones eager to consummate the deal after inspection and examination of the premises for themselves; that the contract of sale does not mention the furniture nor the water right at all, and that the defendant has delivered to the plaintiffs the premises sold with the improvements, excepting a piece of pipe and an electric fan which had been connected to the desert cooler in the house on said premises.

The court entered its judgment and decree to the effect that the title company record the instruments, distribute the deposit of $2,500, deliver the note to defendant, issue its certificate of title insurance, all in accordance with the escrow instructions and contract; that defendant recover from plaintiffs interest on the sum of $2,186.95 at the rate of seven percent per annum from November 18, 1946, until said sum be paid over to defendant by the title company, that being the balance of the deposit of $2,500, to which defendant was found by the court to be entitled on said date; and that plaintiffs forthwith pay to defendant a sufficient sum to bring their agreed payments of $40 per month on principal and interest on their promissory note, up to date, in accordance with the terms of said note. The court's decision awarded costs to plaintiffs, apparently to compensate them for the little piece of pipe and electric fan, which the court found was included in the sale, but not delivered. However, plaintiffs failed to file their memorandum of costs within the time allowed by law, and accordingly the judgment and decree did not include costs to plaintiffs.

Plaintiffs do not seriously contend that there is not substantial evidence to support the judgment, and expressly recognize the familiar rule that the supreme court will not disturb a judgment rendered on conflicting evidence where there is sufficient evidence to support the judgment, unless upon the whole case it is clear that the trial court reached the wrong conclusion.

■ On appeal the plaintiffs contend that the court

ought not to have decreed specific performance; that the pleadings and evidence are not sufficient to support such a decree. They mention the water right and complain that defendant, although she admits in her answer that plaintiffs were to have whatever water she had, has not conveyed or offered to convey the water right. It is not mentioned in either one of the agreements, copies of which are in the record. There is no evidence in the record regarding the terms of the conveyance from defendant to plaintiffs deposited with the Title Company, and accordingly this court has no way of knowing whether the water is specifically conveyed or not. In their complaint, plaintiffs do not complain that a proper deed was not deposited, nor that the defendant has not conveyed the water; their complaint, with reference to the water, is that defendant represented that she had more water than she had, not that they did not get what she had.

Plaintiffs further contend that inadequacy of consideration will bar specific performance. Again, plaintiffs by their complaint did not make an issue of the fairness of the agreed price to be paid by them, and accordingly evidence of value was properly excluded, and there is no evidence in the record relating to the fair value of the land agreed to be conveyed. The court therefore cannot say that the agreed price was exorbitant.

The trial court had both parties before it as well as both written contracts and all of the surrounding facts and circumstances and was in a position to render a judgment and decree which would award complete relief and finally dispose of the litigation, and it was its duty to do so, even though there be some defects in the answer as constituting a cross complaint for specific performance. 19 American Jurisprudence, p. 126, sec. 127.

This court, in Seaborn v. First Judicial District Court, 55 Nev. 206, 222, 29 P.2d 500, 505, expressed the general rule as follows:

"The general rule is that, if a court of equity obtain jurisdiction of a controversy on any ground and for any purpose, it will retain jurisdiction for the purpose of administering complete relief."

In the case of Dellamonica v. Lyon County Bank, etc., 58 Nev. 307, 311, 78 P.2d 89, 90, this court quoted with approval from the opinion in the case of Smith v. Keener, 51 S.D. 124, 212 N.W. 498, 499, as follows:

"We have never understood that the maxim, 'He who seeks equity must do equity,' was a rule of pleading. When a party invokes the aid of equity, he subjects himself to the imposition of such terms as established quitable principles require (Story, Eq.Juris. 14th Ed. § 72), but it is not always essential that he plead them."

In a late case decided by the supreme court of Kansas, it was held to be reversible error for a trial court not to dispose of all the rights of the parties in an equity case. Hultz v. Taylor, 163 Kan. 180, 181 P.2d 515.

We can see nothing improper in requiring plaintiffs to perform their contract, they having failed to satisfy the court that they ought to be excused from such performance and be permitted to cancel and rescind their agreement.

The trial court having properly discharged its obligation to render a judgment and decree which affords complete relief and finally disposes of the litigation, and no error appearing, the judgment and decree and the order appealed from are affirmed.

HORSEY and BADT, JJ., concur.