FLORENCE S. WILSON, APPELLANT, *v.* BRYCE WILSON, RESPONDENT.

No. 3555

December 27, 1949.                   212 P.2d 1066.

*W. B. Etheridge,* of Pasadena, California, and *Walter Rowson,* of Reno, for Appellant.

*Samuel Platt,* of Reno, for Respondent.

## OPINION

By the Court, BROWN, District Judge:

This is an appeal by the defendant from a judgment entered in the lower court in favor of the plaintiff granting him a divorce and partial custody of a minor child to the defendant and to the plaintiff, and awarding the defendant alimony and support and maintenance for the minor child, and also from an order denying a motion for a new trial.

In the complaint the plaintiff prayed for a divorce, and that he be ordered to pay a specified amount for the

support and maintenance of the defendant and for the support and maintenance of the minor child. In the defendant's answer and cross complaint, the defendant prayed for a decree of separate maintenance, an order awarding the sole custody of the child to the defendant with no right on the part of the plaintiff to visit the minor child, and an order requiring the plaintiff to pay the sum of $1,000 a month for the support of the defendant and the minor child. The action was tried before the court without a jury, and consumed a period of six trial days. Voluminous testimony and documentary evidence were introduced by the respective parties, which it is impossible to set out in detail without unnecessarily extending the length of this opinion. Briefly, the plaintiff charged the defendant with extreme cruelty, mental in character, which seriously affected his health and made further cohabitation impossible. The defendant denied such extreme cruelty and alleged extreme cruelty on the part of the plaintiff against the defendant of such a nature to justify a decree of separate maintenance. Inasmuch as both the findings of fact and conclusions of law and the judgment and decree are principally attacked by the defendant in her appeal, they are set forth in full, except for the preliminary recitals, as follows:

"FINDINGS OF FACT

"I. That the said plaintiff, Bryce Wilson, is now and has been for more than six weeks last past, continuously preceding the filing of the Complaint herein, a bona fide resident of and domiciled within the State of Nevada, and has been physically and corporeally present in said State each and every day for said period of time.

"II. That the plaintiff and defendant intermarried at Pasadena, California, on the 19th day of November, 1940, and ever since have been, and now are, husband and wife.

"III. That there is one minor child the issue of the

said marriage, namely, Carolyn Bryce Wilson, of the approximate age of three and one-half (3½) years.

"IV. That during the married lifetime of the parties hereto, defendant treated plaintiff with extreme cruelty; that the said conduct of defendant has caused plaintiff much mental pain, anguish and suffering, and has seriously interfered with and impaired plaintiff's health; that plaintiff's peace of mind and happiness have been destroyed thereby; that the legitimate objects of matrimony have been defeated; and that further cohabitation with defendant has become impossible and unendurable, and would further impair plaintiff's health.

"V. That the community property of the plaintiff and defendant consists of household furniture and furnishings now in storage in Pasadena, California, and three oriental rugs if in plaintiff's possession or under his control, various wedding gifts; United States Savings Bonds, the face value of said bonds being Two Thousand ($2,000.00) Dollars; two hundred (200) shares of Avco stock purchased at a cost of Twelve Hundred Twenty ($1,220.00) Dollars; and cash in the approximate amount of One Thousand ($1,000.00) Dollars.

"VI. That plaintiff and defendant are both fit and proper persons to have the care, custody, control and education of Carolyn Bryce Wilson, the minor child of plaintiff and defendant.

"VII. That by reason of the tender age of said Carolyn Bryce Wilson, it is for her best interest and welfare that the defendant have the present care, custody and control of said child with the right given to plaintiff to see and visit with said minor child at all reasonable times; that when said minor child shall reach the age of four years thereafter plaintiff may have the care and custody of said minor for at least two (2) months during summer vacation, and during said time defendant may have reasonable visits at reasonable times.

"VIII. That Two Hundred ($200.00) Dollars per

month for the support and maintenance of the defend-ant, and one Hundred Fifty ($150.00) Dollars per month for three years, thence Two Hundred ($200.00) Dollars per month thereafter until such time as the said minor child, Carolyn Bryce Wilson, completes her education in the elementary grades; thence Two Hundred Fifty ($250.00) Dollars per month thereafter during the minority of said child, are reasonable and proper amounts to be allowed defendant for the support, maintenance and education of said child, and for the support and maintenance of defendant.

"IX.   That there is pending in the State of California and in the State of Michigan, actions by defendant against plaintiff for separation and separate maintenance, and that said actions involve the same issues as were before this court in the above entitled action.

"X.   That except as herein specifically found, none of the allegations of defendant's answer and cross-complaint material to a determination of the issues presented by the within and above entitled cause, and none of the causes of action set out in said answer and cross-complaint either by way of extreme cruelty, desertion, failure to provide, are sustained by the testimony and evidence introduced upon the trial of the above entitled action."

"Conclusions of Law

"As conclusions of law from the foregoing facts, the court finds: .

"I.   That plaintiff, Bryce Wilson, is entitled to a decree of divorce from defendant.

"II.   That defendant is not entitled to any relief against plaintiff upon her answer and cross-complaint, except as hereinafter provided.

"III.   That the defendant is entitled to the community property consisting of the household furniture and furnishings, including three oriental rugs if in plaintiff's possession or under his control; the wedding gifts, two hundred (200) shares of Avco stock, United States

Savings Bond of the face value of One Thousand ($1,000.00) Dollars, and cash in the amount of One Thousand ($1,000.00) Dollars, now in possession of defendant.

"IV. That plaintiff is entitled to retain possession of his personal effects now in storage with the household furniture in Pasadena, California, or elsewhere.

"V. That neither party shall have any right, title, or interest in or to the separate property of the other, and each shall have, possess, and own the same.

"VI. That said plaintiff pay to the defendant, as and for the support and maintenance of said defendant, the sum of Two Hundred ($200.00) per month, commencing the 1st day of June, 1948, and continuing thereafter until such time as the death or remarriage of the defendant.

"VII. That said plaintiff pay to the defendant, as and for the support, maintenance, and education of the minor child, the sum of One Hundred Fifty ($150.00) Dollars per month, commencing the 1st day of June, 1948, and continuing on the first day of each succeeding month thereafter for a period of three years; that thereafter the sum of Two Hundred ($200.00) Dollars be paid monthly until such time as the elementary education of said minor child is completed; that thereafter the sum of Two Hundred Fifty ($250.00) Dollars per month until the said child attains her majority.

"VIII. That as a condition prior to the commencement of the above payments, said defendant will dismiss said causes of action now pending in the State of California and in the State of Michigan against said plaintiff, and refrain from any further proceedings against plaintiff thereunder.

"IX. That defendant be given the present care and custody of said minor child; subject to this court retaining jurisdiction of said minor child during its minority to alter, vacate, or modify said orders relating to her custody, support, and maintenance. That plaintiff be

given the right to see and visit said minor child at all reasonable times. When said child shall reach the age of four years, then and thereafter plaintiff may have the care and custody of said minor child during two (2) months of the Summer, that is, during the months of July and August of each year, and during that time defendant may have reasonable visits at reasonable times; and in addition, if for any reason defendant makes this provision impossible of fulfillment, the above entitled court reserves the right to modify the decree as to the alimony, support and maintenance of defendant, and the amount for the support of the minor child.

"X. That this court reserve jurisdiction of the within and above entitled cause of action for a period of two years for the purpose of altering, changing, or modifying the order of this court for the support and maintenance of said defendant, as changed circumstances and conditions may require."

## "DECREE OF DIVORCE

"It Is Hereby Ordered, Adjudged, And Decreed that the bonds of matrimony heretofore and now existing between the above named plaintiff and defendant be, and the same hereby are dissolved and declared forever at an end, upon the ground of extreme cruelty of the defendant towards plaintiff, and said plaintiff and defendant are each forever released from all the duties and obligations thereof, and that said plaintiff and defendant be, and they hereby are restored to their original status of unmarried persons.

"It Is Further Ordered, Adjudged And Decreed that the defendant be, and she is hereby awarded the present care, custody, and control of Carolyn Bryce Wilson, the minor child of the parties, subject to this court retaining jurisdiction of said minor child during its minority to. alter, vacate, or modify said orders relating to her custody, support and maintenance. That plaintiff be, and he hereby is, given the right to see and visit said

minor child at all reasonable times, and subject to the further condition and provision, that when said minor child shall reach the age of four years, then and thereafter plaintiff be, and is hereby awarded the custody of said minor child during two (2) months of the Summer vacation, that is, during the months of July and August, and during said period defendant be, and she is hereby given the right to reasonable visits with said minor child at reasonable times.

"It Is Further Ordered, Adjudged And Decreed that if defendant makes the last above condition impossible of fulfillment, the above entitled court further reserves the right to modify the decree as to alimony, support and maintenance of defendant, and the amount for the support of the minor child.

"It Is Further Ordered, Adjudged And Decreed that the plaintiff be and is hereby ordered to pay to defendant as and for the support and maintenance of said defendant the sum of Two Hundred ($200.00) per month, and to continue thereafter until such time as the death or remarriage of the defendant, whichever shall occur first.

"It Is Further Ordered, Adjudged And Decreed the plaintiff be and is hereby ordered to pay to defendant as and for the support, maintenance and education of the minor child, the sum of One Hundred Fifty ($150.00) Dollars per month, commencing the 1st day of June, 1948, and continuing on the first day of each succeeding month thereafter for a period of three years; that thereafter the sum of Two Hundred ($200.00) Dollars be paid monthly until such time as the elementary education of said minor child is completed; that thereafter the sum of Two Hundred Fifty ($250.00) Dollars be paid monthly until the said child attains her majority.

"It Is Further Ordered, Adjudged And Decreed that defendant be and is hereby awarded the following community property: The household furniture and furnishings, three oriental rugs if in possession of plaintiff or

under his control; the wedding gifts; two hundred shares of Avco stock; United States Savings Bonds of the face value of One Thousand ($1,000.00) Dollars, and cash in the approximate amount of One Thousand ($1,000.00) Dollars now in her possession. That plaintiff be and is hereby awarded the right to possession of his personal effects now in storage with the household furniture in Pasadena, California or elsewhere."

In the course of the opinion the parties will be referred to as in the lower court, the plaintiff being the respondent, and the defendant being the appellant.

The defendant sets forth five specifications of error:

1. Plaintiff husband not a bona fide resident of Nevada; and trial court lacked jurisdiction to grant divorce.

2. Infant daughter of parties never domiciled, resident or present in Nevada; trial court lacked jurisdiction to award partial custody to husband; and trial court erred in making award of alimony and child support conditioned upon wife complying with such extra-jurisdictional and therefore void custody award.

3. Trial court committed multiple errors and abuses of discretion, with resultant denial to defendant wife of a fair and impartial trial.

4. Findings of Fact not supported by the evidence; and

5. Award for support and maintenance of defendant wife and minor daughter grossly inadequate.

Under the first specification of error, the defendant contends that the husband was not a bona fide resident of the State of Nevada, and for that reason the trial court lacked jurisdiction to grant the divorce.

The plaintiff alleged in Paragraph I of his complaint as follows:

"That the said plaintiff, Bryce Wilson, is now and has been for more than six weeks last past, continuously preceding the filing of the complaint herein, a bona fide resident of and domiciled within the State of Nevada,

and has been physically and corporeally present in said State each and every day for said period of time."

In the defendant's answer and cross-complaint, she admitted upon information and belief, all of the allegations of Paragraph I of the complaint. The testimony of the plaintiff, which is corroborated by the testimony of Mrs. Eileen Campbell, Mrs. Ivan S. Smith, and Mrs. June Bennett Gardner, shows that the plaintiff was a resident of the State of Nevada continuously from October 6, 1947, up to and including the 4th day of May 1948, on the day the trial commenced.

The statutory residence requirement was completely satisfied by such evidence, and the record stands uncontradicted that the plaintiff came to Nevada with the intention of making his permanent home and residence in the State of Nevada for an indefinite period of time. Further, no evidence was offered by the defendant to disprove, or in any manner attack, the bona fide residence of the plaintiff in the State of Nevada.

■ Therefore, the plaintiff complied with all of the legal requirements as to residence, and there is no merit to the contention made by the defendant as to the jurisdiction of the court to grant the divorce. Walker v. Walker, 45 Nev. 105, 198 P. 433; Blakeslee v. Blakeslee, 41 Nev. 235, 168 P. 950; Drespel v. Drespel, 56 Nev. 368, 45 P.2d 792, 54 P.2d 226.

Specification of error number 2 alleges that the infant daughter of the plaintiff and the defendant was never domiciled, a resident, or present in the State of Nevada; that the trial court lacked jurisdiction to award partial custody to the husband, and that the trial court erred in making an award of alimony and child support conditioned upon the wife complying with such extra-jurisdictional and therefore void custody award.

This matter of jurisdiction of the trial court to award custody of the minor child presents a very serious question, which has never been passed upon directly by this court.

.It is conceded by both parties that the child was never in the State of Nevada. The question of jurisdiction to award custody of a child having legal domicile in another state is exhaustively discussed in a recent annotation in 4 A.L.R.2d commencing on page 7. While the annotation considers many ramifications of the subject, the sole question presented here is in reference to the power of a domestic court to award custody of a child, who was never in the State of Nevada, in a divorce action where both parties personally appeared and submitted themselves to the jurisdiction of the district court.

Counsel for appellant has presented a number of cases dealing with the question, as follows: Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734; State ex rel. Larson v. Larson, 190 Minn. 489, 252 N.W. 329; In re Chandler, 36 Cal.App.2d 583, 97 P.2d 1048; State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510; Kenner v. Kenner, 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E, 587; People ex rel. Noonan v. Wingage, 376 Ill. 244, 33 N.E.2d 467; Zinsser v. Zinsser, 92 N.J.Eq. 491, 113 A. 520; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937; Thrift v. Thrift, 54 Mont. 463, 171 P. 272; Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 425; Hughes v. Hughes, 180 Or. 575, 178 P.2d 170; Byers v. Superior Court, Yavapai County, 61 Ariz. 284, 148 P.2d 999; Boens v. Bennett, 20 Cal.App.2d 477, 67 P.2d 715.

■■ Upon an examination of these cases, it appears that in many instances other factors in addition to the one of the absence of the child from the state were before the court, which were controlling as to the question of jurisdiction. Among these were questions of substituted service of summons upon the defendant, and the failure of the defendant to appear personally in the action, which resulted in a default judgment. It is fundamental that jurisdiction of the court cannot be waived

by the parties, and that the court must have jurisdiction of the parties and the subject matter in order to render a valid decree.

In the instant case, there can be no question as to the jurisdiction of the court over the plaintiff and the defendant. Both were represented by counsel, filed pleadings, prayed for specific relief from the court, and were personally present in court during the entire trial. Therefore, the sole point remaining to be decided resolves itself into one question, namely: Did the district court have jurisdiction of the subject matter to award custody of the minor child?

It should be noted that the plaintiff prayed for a divorce in his complaint, and that the defendant requested a decree of separate maintenance, and prayed for the sole custody of the minor child, with no right of visitation to or with said minor child by the plaintiff, in her answer and cross-complaint. By her own pleading she prayed for specific relief as to custody. Section 9462, N.C.L.1929, as amended, Statutes of Nevada, 1947, chapter 70, page 271, reads as follows:

"Section 24. The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and when, at the commencement, or during the pendency, of the suit, it shall be made to appear to the court, or to the judge, in vacation, that any child of the wife, whether she be plaintiff or defendant, which is too young to dispense with the care of its mother, or other female, has been or is likely to be, taken or detained from her, or that any child of either party, has been, or is likely to be taken, or removed, by, or at the instance of, the other party, out of the country, or concealed within the same, it shall be the duty of the court, or of such judge in vacation, forthwith to order such child to be produced before him, and then to make such disposition of the same, during

the pendency of the suit, as shall appear most advantageous to such child, and most likely to secure to it the benefit of the final order to be made in its behalf; and all such orders may be enforced, and made effectual, by attachment, commitment, and requiring security for obedience thereto, or by other means, according to the usages of courts, and to the circumstances of the case; provided, that in actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

In a number of the cases cited by the defendant the courts have primarily based their decision regarding the matter of custody of the minor child absent from the state upon the question of status of the child and legal domicile of the father or mother.

■ Courts of equity have always zealously endeavored to prevent a multiplicity of actions in order finally to decide the litigation before the court. Further, in the interest of justice, the entire cause of action should be finally decided by the court and thereby avoid the possibility of other controversies and litigation in other jurisdictions involving the same subject matter, especially where minor children are the innocent victims of such possible extended litigation.

■ This court is of the opinion that the more sound and better reasoning of the question is that although a child may not be within the state, that in itself is immaterial. The parties to the action are the parents of the child and the cause of action, the right of custody, insofar as it affects the child is between them, and at the trial all of the facts and circumstances, not only concerning the ground for the divorce, but also as to the fitness of the respective parties to care for the child, and as to the future welfare of the child, are completely before

the court. Certainly, the issue of the marriage is the most vital and important incident of the marriage relationship involved in the action before the court, and in the event of the termination of such marriage relationship by the court, the future welfare of a minor child is of much more serious consequence, not only to the parties themselves, but to society in general, than questions of property and alimony also incident to and connected with the cause of action, and almost universally conceded to be within the power of the court to determine by a personal decree and by coercion if necessary.

We can conceive of a divorce action tried in the State of Nevada, with both parties personally represented and subject to the jurisdiction of the court, having five minor children, each residing in a different state, and other than the State of Nevada, the custody and future welfare of such children being at stake. It is neither sensible nor reasonable to require the parties to litigate and determine the question of custody of each child, as between the parties, in five different courts in five different states. To our mind, such a holding would be ridiculous and most unjust.

Further, one of the parents, realizing the existence of an unfortunate marriage situation and the probability of the immediate commencement of a divorce action by the other, and solely for spite, bitterness, or revenge against the other party, could remove the minor child from the state just before the action is started, and thereby flaunt the court in its determination of the whole marriage problem, thereby making the innocent children "footballs" of long and extended litigation and victims of uncertainty and cunning legal maneuvers, as to their future welfare.

We hold that custody of minor children is the most vital incident of the marriage relationship in reference to the problem before the court, and as such is an integral part of the subject matter of a divorce action when

both parties have submitted themselves to the jurisdiction of the district court, and that such district court has full jurisdiction of the parties, with power to render a personal decree as to the custody of such minor children as between the parties to the action.

The case of Stephens v. Stephens, 53 Idaho 427, 24 P.2d 52, 55 follows such line of reasoning, in which the court said:

"Formally the child was not a party to the action. She was before the court because of the fact that her parents were in court, and both parents voluntarily submitted to the court, who, as between the parents, should have custody and control."

With reference to the order making the continued payment of alimony and child support by the plaintiff conditioned upon the defendant's compliance with the order permitting the plaintiff's visitation and partial custody of the minor child, we are of the opinion that such a condition was reasonable and constituted no abuse of discretion by the trial court. Such condition may have been occasioned by the trial court's observation of the attitude of the parties in court. Further, the defendant's argument that this condition penalizes the child for the appellant's failure to comply is not convincing.

In specification of error number 3, the defendant alleges that the trial court committed multiple errors and abuse of discretion with resultant denial to the defendant of a fair and impartial trial. This assignment constitutes a general charge of bias and prejudice against the trial judge. As previously stated, the trial of the action consumed a period of six days, during which time there were numerous exchanges of words between the court and counsel for the defendant regarding the position of the defendant, and her feeling of resentment against the plaintiff on account of not acceding to a reconciliation and ultimately the bringing of the present action for a divorce. During the trial the judge

had every opportunity to observe and study the various parties and their witnesses. Often the conduct and demeanor of a witness on the stand means much to a judge in weighing the testimony. We are in no position to do so and must give the trial judge due credit for making a careful and thorough analysis of the entire case unless there appear from the record erroneous rulings on matters of law, or a clear abuse of judicial discretion by the judge. We find that neither of these situations appear in the record. The trial court ultimately found in favor of the plaintiff and against the defendant, and granted a decree of divorce. In so doing, the court rejected the position of the defendant and the various contentions made by her in reference to the plaintiff. In effect, because the trial judge declined to accept the defendant's theory of the case, and refused to grant a decree of separate maintenance to her, and to grant sole custody of the minor child to her, with no right of visitation to the plaintiff, and to award the sum of $1,000 a month to the defendant for her support and maintenance and the support and maintenance of the minor child, the trial court is now charged with bias and prejudice and abuse of discretion. Such a charge is not warranted by the record and consequently affords no basis for a reversal.

The defendant contends that the findings of fact are not supported by the evidence under specification number 4. In fact, it is the contention of the defendant that the findings of fact are not supported by *any* material evidence and that there was, and is, no conflict with respect to the material evidence presented at the trial. No useful purpose would be accomplished by endeavoring to set forth in detail all of the evidence set forth at the trial, which consumes approximately eight hundred pages of the record on appeal. We have read the testimony and find a very decided conflict in the material evidence on behalf of the respective parties. Both the plaintiff and defendant were children of wealthy families. The husband's income at the time of the marriage

was very meager, and they both received financial aid from their families. The husband enlisted in the army, became a captain while still in this country, went overseas and attained the rank of lieutenant colonel. Upon his return in 1946, there were constant arguments and quarrels between the parties, many in regard to the feeling of the defendant concerning the plaintiff's parents, and his parents' home. Further, the record shows that the defendant lived with her parents during the absence of the plaintiff while in the armed forces, during which time she had everything she desired, including a maid and baby-sitter; that she was not accustomed to household work, and that a great portion of her time was spent reading. The record indicates that the defendant was a person with domineering characteristics. Upon the husband's release from the army, both the plaintiff and defendant grew further and further apart, until the plaintiff separated from the defendant. The plaintiff testified that as a result of the defendant's conduct, his health was directly affected, and that continued cohabitation with the defendant was impossible without further endangering his health.

■ We find that there is substantial evidence in the record to support the findings of fact.

"Following the long established rule of this court that where there is a substantial conflict in the evidence the judgment of the trial court will not be disturbed, and in view of the fact that there is abundant evidence in this case to support the orders entered by the trial judge, these orders should be affirmed." Miller v. Miller, 37 Nev. 257, 142 P. 218; Murphy v. Murphy, 64 Nev. 440, 183 P.2d 632; Frank P. Parascandola et al. v. Mary Blanche Christensen et al., 65 Nev. 578, 199 P.2d 629; Louis Canepa et al. v. F. E. Durham et al., 65 Nev. 451, 202 P.2d 286.

■ Under specification of error number 5, the defendant contends that the award for support and maintenance of the defendant and minor child is grossly inadequate. The plaintiff was unemployed immediately

prior to and at the time of the trial. However, the record discloses that his monthly income was approximately $700 per month. Defendant contends that the plaintiff could be gainfully employed and receive at least $500 per month in addition to the $700 he was then receiving. Upon such a premise the defendant contends that she is entitled to an award of $1,000 a month for her support and maintenance and support and maintenance of the minor child. While it is true that the evidence disclosed that the defendant was accustomed to spending much more than $350 per month for her support and maintenance and that of the minor child, yet the evidence is entirely lacking as to the ability of the husband to pay such greater amount under his present income. The court made an award of $350 per month for the support and maintenance of the defendant and the minor child, for a period of three years, and thereafter to be increased to $400 per month, and upon the completion of the education of the minor child in the elementary grades, to be increased to $450 per month. The court also reserved jurisdiction over the defendant for a period of two years within which to alter, change, or modify the order as to the support and maintenance of the defendant, and retained jurisdiction over the minor child during its minority to alter, vacate, or modify the orders relative to her custody, support and maintenance. Under the evidence presented, we are of the opinion that such an award was reasonable.

We find no ground for reversal under any of the specifications of error. Therefore, the judgment and decree and the order denying a motion for a new trial are affirmed.

HORSEY, C. J., and BADT, J., concur.

EATHER, J., being absent on account of illness, the Governor commissioned Hon. MERWYN H. BROWN, Judge of the Sixth Judicial District, to act in his place.