THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD R. SCANLON, Appellant, against EDITH CIARAVALLI, Respondent.— Appeal from so much of an order as dismissed a writ of habeas corpus and awarded custody of two infant children of the parties to respondent. Order, insofar as appealed from, reversed on the law and the facts, without costs, the writ sustained and respondent directed to deliver the infants Brian Matthew Scanlon and Philip Michael Scanlon to appellant. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The parties were married in 1942, and separated in 1951. The issue of the marriage are three sons, approximately twelve, nine and seven years of age. This proceeding concerns the custody of the two younger boys; that of the oldest is involved in *People ex rel. Ciaravalli* v. *Scanlon* (2 A D 2d 703). The children were in appellant's custody, with respondent's consent, from May, 1952, until June, 1955. In November, 1954, the parties entered into a formal separation agreement, which continued custody in the appellant, with rights of visitation by respondent. In December, 1954, respondent obtained a Nevada decree of divorce, appellant appearing in that action. The judgment awarded custody of the children to appellant, in accordance with the separation agreement, which was confirmed and approved. Immediately thereafter, respondent remarried. In July, 1955, after the children had been visiting respondent for about a month, she refused to surrender them to appellant. He subsequently regained custody of the oldest boy, and instituted the instant proceeding to obtain custody of the two other children. The learned Special Term dismissed the writ, holding that the best interests of the children would be served if custody was given the respondent. In our opinion that determination may not be sustained. The Nevada court had jurisdiction of the parties and so had jurisdiction to pass upon the question of custody. (*Wilson* v. *Wilson,* 66 Nev. 405.) Its decree was entitled to the same credit and effect in this State as in Nevada. (*Matter of Sutera* v. *Sutera,* 1 A D 2d 356, 358, and cases cited therein.) In Nevada, as in New York, an award of custody may be altered when it appears that a change will be for the best interests of the child, upon a showing of a change in circumstances since the making of the decree. (*Abell* v. *Second Judicial Dist. Court,* 58 Nev. 89; *State* v. *Second Judicial Dist. Court,* 59 Nev. 460; *State* v. *First Judicial Dist. Court of Ormsby County,* 61 Nev. 269.) Other than respondent's remarriage, we find no such change of circumstances here, nor

any proof that the children's welfare will be promoted by a transfer of custody to respondent. Her remarriage is not, in and of itself, a sufficient ground or reason for modification of the custodial provisions of the Nevada decree. (Cf. *Bradstreet* v. *Bradstreet,* 256 App. Div. 1032; *Pangle* v. *Pangle,* 134 Md. 166.) On the record presented we believe that the best interests of the children will be served if they remain in appellant's custody, in accordance with the decree of the Nevada court, entered on respondent's consent. (Cf. *Matter of Bachman* v. *Mejias,* 1 A D 2d 319; *Matter of Sutera, supra.*) If it should develop in the future that there has been a change of circumstances since the making of the order appealed from, requiring a change in custody for the best interests of the children, a new proceeding may be instituted based on such changed circumstances. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur. Settle order on notice.