Irvin J. WEILER (Plaintiff), Respondent,

v.

Marilyn M. WEILER (Defendant), Appellant.

No. 30247.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1960.

Arthur Litz, St. Louis, for appellant.

Roberts & Roberts, Farmington, for respondent.

WOLFE, Presiding Judge.

. This is an action for divorce wherein the plaintiff was awarded a decree and given custody of a child born of the marriage. The defendant has appealed.

A petition for divorce was filed by Irvin J. Weiler in the Circuit Court of Ste. Genevieve County, Missouri, on March 14, 1958. He charged that the defendant had deserted him, and that she had been guilty of indignities toward him that rendered his condition as her husband intolerable. He stated that there was one child born of the marriage and requested that custody of the child be awarded to him.

The defendant filed her answer on March 27, 1958, in which she charged the plaintiff with cruelty toward her. She alleged that she had taken up residence in Illinois and had obtained a decree of divorce in that state which awarded her custody of the minor child. She also averred that Irvin J. Weiler had filed a motion in the Illinois court to set aside the decree on the ground that it had been obtained by fraud, but that the motion had not been ruled upon and that the Illinois decree was in full force and effect.

Weiler in his reply to the defendant's answer stated that Marilyn M. Weiler had never been in fact domiciled in Illinois, and that she did not have the one-year residential requirement to get a divorce in that state. He alleged that he knew of the divorce proceedings in Illinois, and that he had talked to his wife about it. He alleged that she had agreed to dismiss her action there if he would deed some real estate, owned by them as tenants by the entirety, to her mother and father. He executed a quit-claim deed with defendant and left the following morning for military duty, believing that the Illinois action had been dismissed.

The cause here under consideration was set for trial on May 28, 1958, at which time the defendant filed a motion for alimony pendente lite, attorney's fees, and support money for the child. She also filed a motion to set aside the trial date, alleging that she had received notification on May 14 that the case had been set for May 28, and that this was insufficient time in which to prepare for trial. The case was called for trial and the defendant did not appear. The cause was heard and the decree as prayed for was granted to the plaintiff.

On June 4, 1958, the defendant filed a motion to set aside the default decree and for a reinstatement of her motion for alimony, support money for the child, and attorney's fees. She alleged among other things that she was living in Peoria, Illinois, and that she was without funds to attend the trial. On July 1, the court sustained the motion, set aside the decree, and again set the case for trial. On this occasion it was set for July 25.

Upon the case being called for trial on July 25, the attorney for the defendant orally moved for a continuance on the ground that the case in Illinois had not finally been disposed of. He further stated that his client was ill and unable to appear.

The motion was denied and the case proceeded to trial. The plaintiff was called as a witness, and at the outset of his examination he was asked the age of his wife. He stated that she was twenty years old. The court thereupon appointed her lawyer, Mr. Litz, as guardian ad litem.

No question is raised as to the sufficiency of the evidence to sustain the decree as that evidence relates to the defendant's conduct as plaintiff's wife. Nor is there any point raised as to the sufficiency of the evidence to support the award of the custody of the child to the plaintiff in so far as that evidence relates to the defendant's treatment of the child and the child's future welfare. In view of this we will limit our statement of the facts to the evidence pertinent to the points raised.

A motion to dismiss this appeal was filed and submitted with this case. The grounds for the motion were that the brief failed in several respects to comply with Rule 1.08 of the Supreme Court, 42 V.A.M.S. The brief closely borders on being inadequate, but since the points sought to be raised are readily ascertainable, the motion is overruled.

The appellant first contends that the court erred in not suspending the trial of the case until the validity of the Illinois decree had been determined in the State of Illinois. This point is without merit, for the courts of this state may try and determine the issue of fraud in the procurement of a decree of divorce in a foreign jurisdiction where that decree is pleaded in defense against plaintiff's action for divorce in this state. Leichty v. Kansas City Bridge Co., 354 Mo. 629, 190 S.W.2d 201; Wright v. Wright, 350 Mo. 325, 165 S.W.2d 870; Hill v. Hill, Mo.App., 236 S.W.2d 394.

Without question the evidence supported the finding that the decree was obtained by fraudulent representation. The plaintiff in that action and the defendant in this action under consideration represented that she had resided in Illinois for a year before filing her petition there, when she had not in fact done so.

It is also contended that the court erred in proceeding with the trial when no guardian ad litem had been appointed. This is also without merit for the trial had just started when the guardian ad litem was appointed. He was the defendant's attorney and he made no request for a continuance of the cause because the appointment had not been made sooner, but proceeded thereafter to act as her attorney throughout the hearing. A failure to appoint a guardian ad litem immediately upon return of service is an irregularity which is cured by a later appointment of a guardian if such later appointment comes in time to allow for proper representation of the minor and before judgment is entered. Gra-

den v. Patrick, Mo.App., 162 S.W.2d 287, and Morgan v. Morgan, Mo.App., 289 S.W. 2d 151.

■■■ The appellant asserts that the trial court was without jurisdiction of the defendant and the minor child as both were domiciled in the State of Illinois. It seems that there can be little doubt that the defendant was domiciled in Illinois. The plaintiff's evidence disclosed that she took the child from her home one evening while plaintiff was attending a shooting match. She went first to her grandmother's home in Ste. Genevieve, Missouri, and from there two days later she phoned the plaintiff's parents and told them that she was moving to Illinois, and that if they wanted to see the child before she left with him they could do so at her grandmother's home. The plaintiff's mother visited at the grandmother's home, and the defendant there told her that she was returning to her mother in Peoria, Illinois. According to the plaintiff himself, she lived there with her mother and was employed as a clerk in a store. The child was with them. She wrote a letter to the plaintiff in which she expressed a willingness to return to him if they could live in Festus, Missouri, and if he would give up drinking, but we fail to see how this can alter the fact that she was domiciled in Illinois.

Her domicile, however, certainly did not deprive the court of jurisdiction, for she answered to the merits of the action and sought affirmative relief. It is true that jurisdiction over the subject-matter of a suit cannot be waived or conferred by consent of the parties, but jurisdiction over the person can be and is waived when the defendant comes in seeking affirmative relief. Robinson v. Field, 342 Mo. 778, 117 S.W.2d 308, and cases therein cited.

■■■ The sole question left for determination is whether or not the court had jurisdiction to award custody of the child. There seems to be no doubt about the child having been in the custody of its mother at the time of this suit, and it was consequent-

ly domiciled in Illinois. In the case of Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 569, 9 A.L.R.2d 428, the court stated:

"The rule has been announced with good authority that a court may not award custody of a child where it has no jurisdiction of the person of the defendant and the child is not within the state."

As stated, the trial court had jurisdiction of the defendant in this case and did not lack jurisdiction because of the above-stated rule. The question of jurisdiction in such cases was discussed in Daugherty v. Nelson, 241 Mo.App. 121, 234 S.W.2d 353, at some length by Bour, C. of the Kansas City Court of Appeals. It was stated (234 S.W.2d at page 359):

"While the Missouri decision in the Beckmann case, supra, is based on the domicile theory, it cannot be stated with certainty that our Supreme Court has made an exclusive choice between the theories which have been developed to determine the basis for jurisdiction in such cases."

This is true to a degree, but in Laumeier v. Laumeier, 308 Mo. 201, 271 S.W. 481, the Missouri Supreme Court en banc affirmed a judgment of the Circuit Court awarding custody of a child domiciled in the State of New York. In discussing that opinion in Beckmann v. Beckmann, Mo.App., 211 S.W. 2d 536, 540, this court stated:

"It would seem, therefore, that under the above case a divorce court in this state may determine the matter of custody of a child who is not within the jurisdiction of the court, and who is not domiciled within the state, if the person who has actual custody of the child is before the court, either by personal service of process or by general entry of appearance."

It appears logical that the court having jurisdiction over both parents should have jurisdiction to determine and to award the

custody of their children. A multiplicity of suits would otherwise result, and the best interest of the children would not thereby be served. This theory finds support in numerous jurisdictions. Smith v. Smith, 138 W.Va. 388, 76 S.E.2d 253; People ex rel. Scanlon v. Ciaravalli, 2 A.D.2d 702, 152 N.Y.S.2d 494; Talbot v. Talbot, 120 Mont. 167, 181 P.2d 148; McGraw v. McGraw, 266 Ala. 548, 97 So.2d 897; Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066.

The judgment of the trial court is affirmed.

ANDERSON and RUDDY, JJ., concur.